HENRY PICKENS *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[45 South., 868.]

DEATH. *Action for. Lord Campbell's Act. Code* 1892, § 663, *amended Laws* 1898, *ch.* 65, *p.* 82. *To be brought in one year. Limitation.*

The provision of Code 1892, § 663, as amended by Laws 1898, ch. 65, p. 82, referring to suits for wrongful deaths, therein authorized, that "every such action shall be commenced within one year after the death of such deceased person" applies to suits by the next of kin of the decedent as well as to suits by the administrator or executor, and precludes their maintenance after the expiration of the year.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Pickens, appellant, was plaintiff in the court below, and the railroad company, appellee, defendant there. From a judgment in favor of the railroad company the plaintiff appealed to the supreme court.

This suit was instituted in 1907, by Henry Pickens, as father of Levi Pickens deceased, and as administrator of his estate; the declaration reciting that in August, 1904, Levi Pickens, the decedent, a sixteen year old boy, sustained injuries, by being violently and wrongfully ejected from a moving train of the defendant railroad company, resulting in his death twenty-four hours later. The suit was for damages for the alleged wrongful death claimed to be due to plaintiff as administrator of the estate of the deceased. The railroad company demurred to the declaration on several grounds, among them that the suit was for injuries resulting in death in 1904, more than a year before the institution of the suit, and that the administrator had no right of action because the decedent left a father him surviving. This demurrer was sustained, and by consent of court, the declaration was amended by making the suit one by Henry Pickens, as the administrator of the decedent alone.

A demurrer to the amended declaration, predicated of the fact that more than a year elapsed after the death before the bringing of the suit, was sustained by the court. There was then filed a second amended declaration in which Henry Pickens, as father of the deceased, was sole plaintiff. A demurrer thereto, on the same grounds, was sustained, and plaintiff declining to plead further, either as administrator or as next of kin, the suit was dismissed, and judgment final entered in favor of the railroad company.

The statute applicable, Code 1892, § 663, as amended Laws 1898, ch. 65, authorizing suits for wrongful deaths, is as follows:—

"*Actions for injuries producing death.* Sec. 1. . . .—Whenever the death of any person shall be caused by any real, wrongful or negligent act, or omission, or by such unsafe machinery, way or appliances, as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children, or both, or husband, or father, or mother, or sister, or brother, the person or corporation, or both, that would have been liable if death had not ensued, and the representative of such person shall be liable for damages, notwithstanding the death, and the fact that death is instantaneous shall, in no case affect the right of recovery. The action for such damages may be brought in the name of the widow for the death of the husband, or by the husband for the death of the wife, or by parent for the death of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death, which suit shall enure for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall

recover such damages as the jury may award, taking into consideration all damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.    Executors or administrators shall not sue for damages or injury causing death except as below provided; but every such action shall be commenced within one year after the death of such deceased person.

Sec. 2. This act shall apply to all personal injuries of servants or employes received in the service or business of the master or employer, where such injuries result in death.

Sec. 3. Damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased, and such damages shall be distributed as follows: Damages for the injury and death of a married man shall be equally distributed to his wife and children, and if he has no children all shall go to his wife; damages for the injury and death of a married woman shall be equally distributed to the husband and children, and if she has no children all shall go to the husband; if the deceased has no husband or wife, the damages shall be equally distributed to the children; if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers, and sisters, or to such of them as the deceased may have living at his or her death.    If the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representatives, subject to debts and general distribution, and the executor may sue for and recover such damages on the same terms as are prescribed for recovery by the next of kin in this section, and the fact that deceased was instantly killed shall not affect the right of the legal representatives to recover."

*Holden & Cassedy,* for appellant.

The questions here presented are: (1) Whether the father has a common law right to sue for damages for loss of services

occasioned by the negligent killing of his minor son, irrespec-
tive of the statute; (2) whether or not an administrator of a
decedent has the right to sue for damages for the benefit of the
intestate decedent's estate, on account of the physical pain and
suffering endured between time of wrongful injury and time of
death, regardless of the rights conferred upon the administra-
tor by the statute; (3) whether, if the father's rights are deter-
minable by the statute, he is barred from suing after one year
from date of decedent's death.

In answer to these questions, and considering them sequen-
tially, we say, that as to the common law right of the father to
sue for loss of services of his son under such circumstances, such
right clearly exists.   The common law clearly recognized the
parent's rights to compensation for the loss of services between
date of the minor son's injury and time of death, and also his
right to compensation for such expenses as might be incurred
on account of medical attention during such period; but gave
no right of action for the death itself.   Lord Campbell's Act
(being brought down through our statute laws with sundry
amendments and in such amended form being now Code 1906,
§ 721) provided a remedy for damages caused by death, thus
creating a new right of action in addition to those already ex-
isting, but took away none of those otherwise conferred by law.
The rights of the parents to sue for loss of the services of the
minor child between time of the minor's injury and death ex-
isted independently of the statute.   *Railroad Co. v. Cook*, 63
Miss., 38.

The history of Lord Campbell's Act, as amended by our legis-
lature from time to time, shows the intent of our lawmakers
continually to add to and enlarge the rights of persons affected
by death from wrongful acts, and not to take any rights away.
It must therefore follow that the father still has the right under
the common law, irrespective of the existence of our statute, to
institute and prosecute this suit.

Passing to the second question, namely, as to the rights of

the administrator to sue for the physical pain and suffering of the decedent and recover damages in favor of the decedent's estate, we say that Chapter 65 of the Laws of 1898 gave to the administrator the right to recover because of the death. In so doing, the statute did not deprive the administrator of those legal rights already existing. The statute creates a new right of action in the administrator; when suits are brought under its provisions to enforce that right it then affects the rights of an administrator only to the extent of providing that all damages of very kind should be assessed by the jury, including damages for the pain and suffering of the decedent for the benefit of the decedent's estate. Code 1892, § 1916, gives the administrator the right to sue for damages for the pain and suffering of the minor in this case. And such right exists independently of the rights given by Lord Campbell's Act, and will not be affected by the special year's limitation of Lord Campbell's Act not barred by the general statute of limitation of actions. *Railroad Co.* v. *Phillips,* 64 Miss., 693, 2 South., 537.

Thirdly, even if the father's rights are determined by the statute, yet he is not barred by the one year's limitation therein. It is true, that Lord Campbell's Act (Code 1892, § 663) provided that the father might sue for death within one year's time. But the legislature of 1896 (Laws 1896, p. 96) enlarged the rights conferred by former enactments by providing that executors and administrators could sue for deaths of decedents, and by removing the one year's limitation within which the father could sue under the statute; thus making the time, within which the father might sue, six years instead of only one. In support of this proposition we rely upon the plain wording of the statute reading as follows: "executors or administrators shall not sue for damages or injury causing death except as below provided; but every such action shall be commenced within one year after the death of such deceased person." The one year's limitation is not contained in a separate sentence making it applicable to all suits provided for in the statute;

but, on the other hand, by reason of its being a part of the sentence in reference to administrators and executors, is manifestly a qualification of that right to the preceding part of the one sentence alone.

*Mayes & Longstreet,* for appellee.

Practically the only important question in this case is, whether the one year's limitation of chapter 65, Laws of 1898, was intended to be applied to suits brought by the father as well as to suits by the legal representatives. We think the whole statute must be construed together, and, if so, it must follow that the closing provision: "executors or administrators shall not sue for injury causing death except as below provided; but every such action shall be commenced within one year after the death of such deceased person," applies to the whole statute, and limits the time within which plaintiff can sue, whether he be father or administrator. What actions are to be commenced within one year? The answer is, "such actions." To what do the words, "such actions," refer? Manifestly to actions for damages for injuries causing death, irrespective of whether suit be brought thereon by the father or by the administrator.

The statute further recites that "if the deceased have neither husband or wife or children . . . then the damages shall go to the legal representatives . . . and the executor may sue for and recover such damages on the *same terms* as are prescribed for recovery by the next of kin." How are the legal representatives to recover upon the *same terms* as those prescribed by the statute for recovery by the next of kin, if the next of kin are allowed to recover at any time within six years, the period prescribed by the general statute of limitation, while the administrator or executor is limited to one year?

The appellant concedes that the one year's limitation contained in Lord Campbell's Act applies to suits by executors and administrators, but he contends that it does not apply to suits under the statute which are instituted by the next of kin, and

that the next of kin can be barred only by the six years' statute of limitation. Our answer to this is that the court's adoption of this construction would render the different parts of the statute hopelessly inconsistent. For the statute says that in case the deceased, as the result of personal injury wrongfully. inflicted, died leaving neither husband, wife, sister, brother, etc., the legal representatives of the deceased should step in and take the place of the husband, wife, sister, brother, etc., and enjoy every right enjoyed by them. How could this be accomplished, if the right of the legal representative to sue lasts for only one year from the date of the death while the right of the next of kin lasts for six years?

Either the legislature did not intend to bar any one by the one year's limitation, or it intended to bar everybody who sues under the statute.

The statute under consideration is substantially the same as that of 1896, ch. 86. In the Code 1892, § 663, we find this same statute, but without that part which confers the right upon the legal representatives. There the right of the father to sue for the wrongful injury and death is expressly limited to one year from the death. Going back still further, we find that this act appears as Code 1880, § 1510, and there, too, the right of the father is expressly limited to one year.

Now, since the one year's limitation upon the right of the father to sue in such cases as this, was contained in all of the earlier statutes, we think that the legislature intended, in laws of 1898, ch. 65, to abide by the precedent and to make no change in this respect in such chapter.

MAYES, J., delivered the opinion of the court.

The declaration was filed on January 7, 1907. The wrongful act by which it is claimed that Levi Pickens lost his life occurred in August, 1904. The declaration was demurred to on several grounds; the main one being that under chapter 65, p. 82, of the Laws of 1898 (Code 1906, § 721), the right to sue

was barred within one year from the date of death in whom-soever rested the cause of action.

It is apparent from the statute cited that there can be but one cause of action for any injury producing death of any party. This statute was enacted for the purpose of uniting in one suit all causes of action which might have heretofore existed for any injury whereby the death of the party was produced. Whatever may have been the common-law rule upon this subject, this is now the rule in this state under the statute and section above quoted. The law expressly provides that, "whenever the death of any person shall be caused by any real, wrongful or negligent act," etc., "as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof," etc., and then proceeds to designate who may bring the suit, declaring that "there shall be but one suit for the same death." The statute then proceeds to say that "in such action"—that is to say, in an action for damage for the death of a person caused by a wrongful or negligent act, etc.—"the party or parties shall recover such damage as the jury may, taking into consideration all damage of every kind to the decedent and all damage of every kind to any and all parties interested in the suit." This chapter provides expressly that there shall be one suit, and that in that suit there shall be but one recovery, and that recovery shall be for all damages of every kind to the decedent and all damage of every kind to any and all parties interested in the suit. It is also provided in the act that every such action shall be commenced within one year after the death of such deceased person. "Every such action" refers to such action as may be brought under chapter 65, p. 82, of the Laws of 1898. Under this chapter, when death results from the wrongful or negligent act, etc., there can be but one suit instituted, and in this suit must be litigated all questions of damage for all persons interested. This suit, not being brought within the year, is barred.

*Affirmed.*