# CASES ARGUED AND DECIDED

## IN THE

# SUPREME COURT OF MISSISSIPPI,

### AT THE

## OCTOBER TERM, 1908.

### Lucy O. Foster et al v. Margaret J. Hicks.

### [46 South. 533.]

1. **DEATH.** *Actions for. Code* 1906, § 721. *Proceeds. Ownership. Judgment.*

   In a suit by a decedent's widow and children for his wrongful death, a judgment for the plaintiffs should be entered in favor of all of them, under Code 1906, § 721, providing that damages recovered in such cases shall be equally distributed to the wife and children of the decedent.

2. **SAME.** *Widow alone may sue. Children not to be excluded from benefits.*

   While in such case it is unnecessary for the children to be joined as plaintiffs with the widow, she cannot, by procuring a formal judgment in favor of herself alone or otherwise, exclude them from participation in the recovery.

FROM the circuit court of Jefferson county.

HON. MOYSE H. WILKINNSON, Judge.

Mrs. Hicks, appellee, and others were plaintiffs in the court below; they recovered a judgment for $2,500 against a railroad company for the wrongful death of one William T. Hicks, the husband of appellee, and the father of the other plaintiffs, and the judgment was entered jointly in favor of all the plain-

tiffs. Afterwards, at a succeeding term of the court, Mrs. Hicks, appellee, widow of the deceased, moved the court to change the judgment entry so as to make it a judgment alone in her favor. The court below sustained this motion and Mrs. Foster and another, appellants, children of decedent, and original plaintiffs, appealed from the judgment sustaining the motion to the supreme court. The railroad company, original defendant, was acquiescent.

*R. B. Anderson* and *Alexander & Alexander,* for appellants.

Judgment cannot be amended so as to vary the rights of the parties as fixed by the original decision or to release from its operation persons or property originally affected by it, or to adjudicate a matter which should have been determined at the trial. 23 Cyc. 868, 869; *Browder v. Faulkner,* 2 South. 30.

While it is held that the names of the parties may be changed by an amendment, it is not proper to change the parties so as to vary the substance and effect of the judgment, or to affect the rights of the parties under the original judgment. 23 Cyc. 871. See also for a very similar case, *Smith v. Fox,* 15 S. W. 196. Also note that this is a Texas case decided under a statute exactly like ours.

It is not contended by appellant that a clerical error cannot be amended at any time after the term, but we submit that the judgment in this case was rendered upon a conclusion of law as shown by the pleadings, that there was no error committed by the court which was proper to be corrected, or which could be justly corrected, for the reason that said judgment was not absolutely in accordance with law.

And it is further contended by appellant that even if there was error in the judgment (the court having signed and approved the minutes) under the pleadings in this case, it was a judicial error and not subject to amendment after the term. Black on Judgments (2d ed.), § 158.

If any correction was proper to be made it could only be done

in case the mistake was clerical and only when the amendment would perfect the judgment and correctly decide the interests of the parties to the suit.

Code 1906, § 721, provides the only manner of distributing damages recovered on account of the death of a person. It is mandatory and under it each child is entitled to the same interest in any suit for damages as that of the widow, and even though the suit had been brought by Mrs. Hicks alone, each one of the children, including appellants, would have been entitled to his or her *pro rata* share of any judgment recovered. Appellees contend that the judgment should have been corrected at the following term of court, because they say that the judgment, as corrected, is the judgment which the court in the first instance should have rendered. The opposite is true under the above section, because it is contrary to reason that the court would have power to take from the children their quota and give the same entirely to the widow, when the latter had no more right to or interest in the damages than any one of the children. Besides and finally, if there was error in the original judgment (which we contend there was not), it was an error of law, not of fact; an error of substance; a judicial error, varying the rights of all the parties to the suit, and was a matter which should have been determined at the term of court when the judgment was rendered.

*Martin & Frierson,* for appellee.

Errors that can be corrected are of two kinds, namely: judicial and clerical. Judicial errors can be corrected at the term at which they are made and only at that term. Since the record is supposed to be "in the breasts of the judges of the court and in their remembrance" during the term but departed therefrom and irrevocable after the term. This is a wise rule because in judicial errors the thing is done that was intended to be done though the opinion and ruling be not what it should have been; whereas in clerical errors the thing done was *not intended* to be

done and they are errors, not of opinion and judgment, but of *fact*.

Code 1906, § 1016, is very broad in the right granted to amend.

Annotated under the section is the following:

"There is no limit of time within which an amendment may be applied for and made. If a party appear, he cannot object for want of proper notice. An amendment cannot afterwards be set aside without notice to the adverse party. *Graves v. Fulton,* 7 How. (Miss.) 592; *Healy v. Just,* 53 Miss. 547."

The clerk failed to write up the judgment according to the verdict and the right of amendment in such cases is universally acknowledged and indisputable.

"A judgment may be set aside where it is shown to have been entered by the clerk without any authority therefor, whether his entry thereof was the result of mistake, inadvertence or wrongful intent." 23 Cyc. 924.

"A mere clerical error arising from inadvertence or formal misprision of clerks or other officers may always be corrected by the court, so as to make the judgment speak the truth, even after the term." 23 Cyc. 864.

"An amendment or correction may be allowed at any time, where the judgment as entered does not correspond with the judgment as actually rendered, or with the intention and understanding of the court in regard to its forms and terms. The power of amendment may be employed to strike out surplusage or matter improperly included in the judgment, to correct wrong recitals, *to change the form of the judgment to make it correspond with its rendition*; and it may be employed to relieve the judgment of ambiguity, or to make it *conform to the verdict,* where by mistake it was entered in terms differing therefrom." 23 Cyc. 868.

"The rule that the record admits of no alteration after the term is obsolete   *   *   *   In all cases the entry of the judgment may be made to conform to the record and the instructions

of the clerk. *All courts have inherent power to correct clerical errors at any time; and to make the judgment entry correspond with the judgment rendered."* Freeman on Judgments, (2d ed.), 71.

"The doctrine in this country, in reference to amendments of records, may be said to have crystallized into the following legal propositions, namely: That any error or defect in the record which occurs through the act or omission of the clerk of the court in entering or failing to enter of record, its judgment or proceedings, and is not an error in the express judgment pronounced by the court in the exercise of its judicial discretion, *is a mere clerical error, and amendable,* no matter in how important a part of the record it may be; and when the error or defect is in respect to the entry of some judgment, order, or decree or proceedings, to which one of the parties in the cause was of right entitled, and as a matter of course, according to law and established practice of the court, it will sometimes be presumed to have occured through the misprision of the clerk, and will always be amendable if from other parts of the record, or from other convincing and satisfactory proofs, it can be clearly ascertained what judgment, order or decree the party was entitled to." Freeman on Judgments (2d ed.), § 72; *Doane v. Glenn,* 1 Col. 456.

In *Matheson's Admn'r v. Grant's Admn'r,* 2 How. (U. S.) 263, there is a very full and able discussion of this doctrine of amendments, and a full list of cases set out in that opinion delivered by Mr. Justice Story an page 282. At the bottom of page 281, just before setting out these cases Mr. Justice Story, for the court, says:

"The authority to allow such amendments is very broadly given to the courts of the United States by the thirty-second section of the judiciary act of 1789, ch. 20, and quite as broadly, to say the least, as it is possessed by any other courts in England or America; and it is upheld upon the principles of the soundest protective public policy." 2 How. (U. S.) 281.

"A judgment may be incorrect, imperfect, or erroneous, and therefore stand in need of revision or amendment, from either of two causes; that is, either the entry fails to correspond with the judgment actually intended to be given, in consequence of some mistake, omission or inadvertence; or because the judgment actually rendered was one that ought not to have been given, the error being due to misinformation or wrong apprehension of law. The principles of justice obviously require that what has been done amiss should be set right." 1 Black on Judgments, § 153.

The above paragraph goes on to state that of the two kinds of errors, clerical and judicial, the former may be corrected at any time and the latter have to be corrected at the term. See also, 1 Black on Judgments, paragraphs 154, 155, and 160. So much for the doctrine of Amendment of Judgments as set out in the cyclopedias and text books; and the cases follow exactly in the same line, and their number might be multiplied *ad lib et ad in.*

"Wherever there is anything to amend by, a court may at subsequent term, amend so as to effectuate, but not so as to materially alter or defeat the judgment which it actually gave at a preceeding term. In this case the verdict and the law show what the judgment should have been, and what the court must be presumed to have intended it should be, and the minute book shows that *the court directed the clerk to enter a judgment on the verdict,* such a judgment of course as the law required." *Norton v. Sanders,* (n) 12 Am. Dec. 353. See also, *Branch v. Branch,* 6 Fla. 314; McClelland's Digest, Sec. 97, p. 384; *Adams v. Re Qua* (Fla.); 1 A. S. R. 193; *Cook v. Moore* (N. C.), 6 A. S. R. 587. In our own supreme court this doctrine allowing the correction of errors of this kind and allowing them after the term is clearly established in *Cotton v. McGeehee,* 54 Miss. 624, in *Forbes v. Narva,* 63 Miss. 8, in *Harper v. Barnett* (Miss.), 16 So. 533. In this *Harper case* Judge WHITFIELD in speaking for the court says:

"The court doubtless had the power, after the term, aside from section 940, Code 1892, to vacate the judgment on the ground that it was obtained by fraud, or that *"the judgment as entered on the record of the court did not accord with that intended to be entered."*

MAYES, J., delivered the opinion of the court.

The action of the court in sustaining the petition of Margaret J. Hicks to correct the judgment so as to make it a judgment for her alone, and not in favor of the other plaintiffs named in the declaration, who were the children of the deceased, was error, but in no way affected their interest in the amount of the recovery. The original judgment was entered as it should have been, and there was no mistake, miscalculation, or misrecital in the judgment warranting the granting of the application under Code 1906, § 1016, to have same corrected. The record shows no error at all. The whole record shows that the original suit was instituted in the name of Margaret J. Hicks, widow of William T. Hicks, deceased, uniting with her in the suit all the children of herself and deceased. The suit was brought under Code 1906, § 721, for the death of William T. Hicks, caused by the wrongful and negligent act of the Yazoo & Mississippi Valley Railroad Company. In this suit the amount recovered was $2,-500. Under Code 1906, § 721, which but follows the policy of the statutes of this state relative to descent and distribution, all damages recovered for the injury and death of a married man are required to be equally distributed to his wife and children, if he have a wife and children surviving him, and in this case the deceased had both. It was not necessary to the maintenance of the suit under Code 1906, § 721 that the widow should join the children in the suit with her; but, if she had not done so, the damage recovered in a suit brought in her name only would have inured to the benefit of the children equally with herself. Therefore, as she could have brought the suit in her own name, without the joinder of the children, without being able to affect

the interest of the children in the recovery, the attempted correction of the judgment by the court, eliminating therefrom the names of the children, could not affect their interest in it. Under Code 1906, § 721, when the injury results in death, as has already been held by this court, *Pickens v. Illinois, etc., R. Co.,* 92 Miss. 210, 45 South. 868, only one suit can be instituted, and in this suit must be recovered all damage of every kind to any and all parties interested. When the action is for the death of a husband or wife, the section provides that "action may be brought in the name of widow for the death of the husband, or by the husband for the death of a wife," etc., "or all parties interested may join in the suit," etc.; but if all parties interested do not join in the suit, and it be conducted in the name of the father or mother alone, or if all parties interested do join in the suit, and there is a recovery, and it be attempted to exclude any of them from their share of the proceeds by having the judgment entered up in the name of the mother or father, to the exclusion of the children, such action cannot affect their right. The statute fixes the interest of all parties, and nothing that the court can do can eliminate their interest.

*Reversed and remanded.*