R. M. KELLY, SHERIFF, ET AL. v. ALENA HOWARD ET AL.

[54 South. 10.]

1. DEATH.   *Damages.   Persons entitled to.   Executions.   Sheriff, Chan-cery interpleader.   Code* 1906, *Section* 721, *Laws* 1908, *Chapter* 167.

Damages recovered under Code 1906, § 721, as amended by Laws 1908, chapter 167, by a widow for the death of her husband who has children at the time of his death, belong equally to the widow and children.

2. SAME.

In such case though the widow sues in her own name alone, the chil-dren are in effect co-plaintiffs with her, and the sheriff after notice owes them the same duty as he owes the widow.

3. SAME.   *Conflicting claims.   Interpleader.*

Where a sheriff has realized the money under execution from a judg-ment in such case, and the same is claimed by the widow, the chil-dren, the attorney of record and the railroad by assignment of one of the children, he can maintain interpleader to settle the conflict-ing claims of the parties.

APPEAL from the chancery court of Warren county.
HON. E. N. THOMAS, chancellor.

This was a bill of interpleader by R. M. Kelly, sheriff, against Alena Howard et al. From a judgment dismiss-ing the bill the sheriff and others appeal.

The facts are fully stated in the opinion of the court.

*Brunini & Hirsch,* for appellant.

The sole question for decision is whether, under the state of facts as shown by this record, the sheriff was warranted, under our practice, in filing the bill to com-pel the parties interested to interplead among themselves. It is an interesting one, and has never been the subject of decision in this state; in fact, this court has never passed upon the broader question even, viz.: If under

any state of facts, a sheriff in this state can interplead parties claiming funds in his hands.

We submit therefore, that thorough consideration should be given to the subject.

## THE STATUTORY LAW.

We first wish to direct the attention of the court to the statutory law of the state, having even a remote bearing on the subject. It is our purpose to review all the statutes and to make some observations thereon.

The judgment was recovered under section 721 of the Mississippi Code of 1906. The parts of the section to which we desire to direct the court's attention are as follows:

"The action for such damages may be brought in the name of the widow for the death of the husband, or by the husband for the death of the wife, or by a parent for the death of a child, or in the name of the child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or by a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one suit for the same death, which suit shall enure for the benefit of all parties concerned."

"Damages for the injury of a married man shall be equally distributed to his wife and children."

We wish to here impress upon the court that in our humble judgment, this section must have great force in the consideration of this appeal.

Although the suit was brought in the name of the wife, under the first part of said section above quoted, the suit enured for the benefit of all parties concerned, and according to the second part thereof, the damages shall be equally distributed to the wife and children. Although the judgment was rendered in favor of Alena Howard,

by operation of law, as there were three children, she had only a one-fourth interest therein.

It is contended by Alena Howard, that the sheriff should have disregarded all of the facts disclosed by this record, and paid the whole proceeds of said judgment directly to her as the judgment was rendered in her name, and she was the plaintiff in execution.

We have seen that by section 721, the first part of this proposition cannot be correct, and as to the second part of the proposition, we submit that there is no statute, or other law, requiring the sheriff to pay the money over to the plaintiff in execution. The fact is, the law is to the contrary.

Section 4672, which is the only one giving directions in the matter, provides that if the sheriff shall collect money by virtue of an execution, "and shall not immediately pay the same to the party entitled thereto, or his attorney on demand made," the sheriff and his sureties shall be liable to pay to plaintiff in the execution, or to any person entitled to the money or a part thereof, the full amount of money due, with twenty-five per cent damages, etc.

It will be observed that this statute does not say that the money shall be paid over to the plaintiff in execution, but on the contrary, it says that it shall be paid over to the party entitled thereto. The party "entitled thereto" may be the plaintiff, or it may be the assignee of the judgment by act of the plaintiff or by operation of law, or as in the case at bar, by operation of the statute, which might be included under the term "operation of law."

It was contended in the case of *James, Sheriff, etc.* v. *The State for use of Taylor,* 49 Miss. 420, that the assignee of a judgment could not maintain a suit against a sheriff for his failure to turn over to him the proceeds of a judgment which had been assigned to him by the plaintiff in the judgment.

98 Miss.—35

Article 123 on page 124 of the Revised Code of 1857, was the statute in force at the time of the rendition of said decision, of *James, Sheriff,* v. *The State, etc.* This article has been brought forward in all of the Codes, and is now section 4672 of the Code of 1906.

Said article 123 provided just as section 4672, that if the sheriff shall collect by execution any money, and shall not immediately pay the same "to the party entitled thereto," such sheriff shall be liable to pay to "plaintiff in execution, or to any person entitled to the said money," the amount with damages, etc.

It was contended in said case of *James* v. *State* that the assignee could not be the party entitled thereto, as it meant the party who had the legal title, and not the assignee. The court took the opposite view.

Judge Simrall, on page 433 saying: "Whilst parties suing at law must be clothed with a legal title, yet, when brought to its notice that another than the plaintiff has the equitable interest in the subject of the suit, that interest shall be secured.

Thus, in *Vanhouton* v. *Ryley,* 6th S. & M. 410, the assignee of the judgment, who was a distributee of the estate was protected in the use of the process of the court to obtain satisfaction out of the principal of the estate, which had lately been distributed.

It will be well to bear in mind that at the time of the rendition of said decision, sections 717 and 718, with reference to the assignment of choses in action, and who may sue, had not been enacted. In other words: As is clearly shown by the briefs filed in said case of *James* v. *State, etc.,* it was held that the party entitled thereto was not the plaintiff in execution alone.

It will also be noted that section 4672 of the Code of 1906 makes no provision as to what the sheriff should do in the event there were several parties contending that they were the party or parties entitled to the money in the hands of the sheriff.

Suppose the sheriff had been confronted with an assignment, as occurred in the *James* v. *State, etc., supra,* and the assignor had given him notice that the assignment was invalid; would it devolve upon him to determine which of the two was entitled to the funds in his hands? The statute does not say that in this event, he should return the money into court, with the contention of the claimants; nor is there any other statute which points out the procedure for him to follow.

Can a sheriff ever file a bill of interpleader to have claimants to funds in his hands derived from execution, interplead with one another? The authorities say that in some cases he can: Is the case at bar one of them?

A constable's bill of interpleader was sustained in the case of *Nash* v. *Smith,* 6th Conn. 421. In that case neither of the defendants claimed property adversely to Silliman, against whom the process in the hands of the constable was issued. The constable therefore had no interest adverse to the claim of either party, as each had put into his hands, process against the same property; the one claiming it as individual property of Silliman, and the other as the property of Silliman & Cook. 11 Pleading and Prac. 458, note.

Applying the reasoning of the decision to the case at bar, we say that the sheriff had no interest adverse to the claim of Alena Howard, the minor child of the decedent, or the assignee, the Y. & M. V. R. R. Company, as we contend that under this decision, the sheriff was warranted in filing the bill of interpleader.

"Some authorities are exacting in the requirements that in order to make a proper case for the bill of interpleader, there must be a privity of estate, title or contract, between the defendant claimants, and that if one of the defendants claims under title paramount, there is an absence of privity, and the suit cannot be maintained. Thus, the bill cannot be filed by a tenant so as to make his landlord a party thereto; nor by a bailee

against his bailor; nor by his agent against his principal; nor by a debtor against his creditors; nor by a sheriff against the execution creditor; nor by a bank against a depositor; nor by a vendee against his vendor, when a distinctly adverse and paramount title is asserted against the landlord, bailor, principal, creditor, execution creditor, depositor or vendor." 11 Pleading and Practice, 449.

We say that under the test of the foregoing text, sheriff Kelly had a right to file his bill of interpleader. Was there not a privity of title in the judgment between Alena Howard and said minor claimants, and the assignee of one of them? They are all claiming under the same title; none have a claim paramount one to the other.

To the foregoing text, we find the following in the note thereto:

"A sheriff who has seized property upon execution cannot maintain a bill of interpleader to determine whether the execution debtor or a third person claiming it is entitled to the property, as their claims against him are not of the same character, or in the same right. *Boston Third National Bank* v. *Skillings,* 132 Mass. 410; *Morristown First National Bank* v. *Bininger,* 26 N. J. Eq.'' We have already commented upon the New Jersey case. As the Massachusetts case reviews the authorities, we shall copy that portion of it not having reference to the general statutes of that state:

"This is a bill of interpleader, the substantial allegations of which are that Edward Babson, Jr., delivered a draft upon New York to the plaintiff bank for collection; that it collected the draft and placed the amount to the credit of said Babson, who had an open account with the bank; that the Skillings, Whitneys & Barnes Lumber Company contends that said draft was held by Babson as its agent, and was its property, and that the proceeds belonged to it; and that the executrix of said

Babson, who was deceased, contends that the proceeds belong to his estate.

"We are of the opinion that this does not present a proper case for a bill of interpleader.

"There is no privity between the plaintiff and the Skillings, Whitney & Barnes Lumber Company. That corporation does not claim the funds in the hands of the plaintiff through any privity with Babson, but by a title paramount and adverse to his. The bank is not a mere stakeholder, but is the debtor of Babson, standing in privity with him alone. *Carr* v. *National Security Bank,* 107 Mass. 45.

"The authorities support the rule that in such case a bill of interpleader will not lie, but the remedy of the parties is at law. Such bill will lie only when two parties claim of a third the same duty or debt by virtue of some privity existing between them.

"Thus, if a person deposit property or money in the hands of another, not as a stakeholder for both parties, but as his agent or bailee, and the property is claimed by a third person under an independent title, the agent or bailee cannot maintain a bill of interpleader. 2 Story Eq., Jur., §§ 816, 817, and cases cited.

"So where a tenant is liable to pay rent, and a third person claims it by a title independent of the landlord, the tenant cannot maintain a bill of interpleader. But if the third person claims under the landlord, so that the question arises from the act of the landlord, this creates a privity with the tenant, and the bill will lie. *Dungey* v. *Angove,* 2 Ves. Jr. 304; *Cowton* v. *Williams,* 9 Ves. 107; *Clarke* v. *Byne,* 13 Ves. 383.

"So a sheriff who has seized property upon execution, cannot maintain a bill of interpleader to determine whether the execution debtor or a third person claiming it is entitled to the property, as their claims against him are not of the same character or in the same right. *Shaw* v. *Coster,* 8 page 339."

Mr. Justice Story in his Commentaries on Equity Jurisprudence, after reviewing the authorities, says: "The true doctrine supported by the authorities, would seem to be, that in cases of adverse independent titles the party holding the property must defend himself as well as he can at law; and he is not entitled to the assistance of a court of equity; for that would be to assume the right to try merely legal titles upon a controversy between different parties, where there is no privity of contract between them and the third person who calls for an interpleader." 2 Story Eq. Jur., § 820.

"This rule is applicable in the case at bar. The only relation of the plaintiff to the defendants is that it is the debtor of one of them. A debtor cannot deprive his creditor of his remedies at law, and force him into equity, merely because a third person claims the fund or debt by a title not derived from the creditor. His remedy is at law, and it would seem that, if either of the claimants should sue him, he could protect himself by notifying the other claimant to come in and defend the suit; and that he, being the real party in interest, would be bound by the judgment."

Where could there be a case in which the privity of the parties would be greater than in the one in the case at bar? It is fixed by section 721; although the wife, or any one of the children, sues and obtains a judgment, it enures to the benefit of all. This is privity, practically by law.

We have now reviewed all the authorities we have been able to find, and we submit that there is nothing left for the sheriff to do in this case but to interplead the parties by a bill in chancery.

The sheriff is liable if he makes an improper distribution of funds, or makes payment to the wrong person. If he takes it upon himself to decide between the various claimants, he does so at his peril. 25 Ency. 715.

"Payment of money collected upon execution, to the attorney of the execution plaintiff, discharges the officer, unless he has been expressly notified not to make such payment; but he is not discharged by payment to the original judgment creditor after notice of an assignment of the judgment." 25 Ency. 715.

*Mayes & Longstreet,* for appellant.

The question presented for adjudication by this honorable court, namely, whether or not a sheriff who has realized the amount of a judgment by execution issued thereon, and placed in his hands, and who then is notified of adverse and conflicting claims and rights in persons who are made by law of joint and equal interest in the fund, may file a bill of interpleader in the chancery court, and compel these parties holding alleged conflicting interests to come into court, and contest among themselves, is a new question in this state.

We are quite well aware of the ordinary rule of law, which denies to a sheriff or a constable the right to interplead a judgment creditor and a judgment debtor, because it is assumed that as between parties to the record, their rights have been ascertained and fixed by the judgment itself, which was a valid and outstanding judgment, and on which the execution was issued. We are also aware of the rule which has sometimes been announced, that a collecting officer, receiving money under legal process issued on a judgment or decree, cannot interplead the judgment debtor or a third person, or the judgment creditor and a third person, who may claim through the judgment debtor.

The reason for the latter holding is plain, and but a different phase of the reasoning which would apply to an interpleader between the judgment creditor and the judgment debtor. It seems that as between parties to the record and their privies, that the legal proceedings determine their rights.

But an entirely different question is presented by the record in this case, and the general rule of law is modified in many respects by the special and peculiar statutes of our state.

This suit was instituted, and judgment was recovered under section 721 of the Mississippi Code of 1906, which is a rescript of chapter 65 of the Laws of 1898.

This statute provides a new law of descent and rule of distribution of the proceeds of the suit for death caused by acts of negligent commission or omission. The evident intent of the statute was that all persons given rights under this statute of the same class, should be joined in one suit. There is a preference given to the widow and children over more remote relations; and it is expressly provided, not only that the judgment shall inure to all interested parties, but that the proceeds thereof shall be distributed to the widow and children, share and share alike.

Now, we call the special attention of this honorable court to the fact that after the money was paid to the sheriff under the execution, that he stated in his bill of complaint that he has been advised by the said Alena Howard, or her attorneys, "that the said Alena Howard contends and claims that she is the widow of said Henry Howard, deceased, and that the defendants, Henrietta Howard, Roberta Howard and Sam Howard, are not the children of the said decedent, Henry Howard."

This allegation of the bill of complaint is, of course, admitted by the demurrer. So we have the sheriff in this position: He has collected money paid by a defendant under execution; he is confronted with an assignment executed on behalf of one minor heir at-law to a railroad company; he is confronted with demands for one-fourth each of the fund by two of the other minor children and heirs-at-law of the decedent; and he is confronted by the widow, who claims herself, or by her attorney, that the children are not the legal heirs-at-law

of Henry Howard, but that she is entitled to the whole fund.

At this juncture can it be argued that there was imposed on the sheriff the unavoidable duty of judicially determining to whom the funds in his hands belonged, when demand for same, and portion of same, had been made on him by persons apparently legally entitled, and who were asserting conflicting claims and rights?

Suppose the sheriff paid the whole sum to Alena Howard, who, the record shows, is a colored woman, and presumably irresponsible for such a large sum of money. Suppose that she had misappropriated it, and then the children should have sued the sheriff for their distributive share, or moved in the circuit court against him and the sureties on his bond, setting up the fact that before he paid this money over to Alena Howard, he had actual notice and knowledge of their existence and of their rights. Or suppose that the sheriff has judicially determined that the Yazoo & Mississippi Valley R. R. was entitled to take nothing under its assignment, and afterwards the courts should have determined that the assignment was valid and sufficient, in what plight would the sheriff then have been?

He was a disinterested stakeholder; he was confronted with serious and conflicting claims and rights, apparently substantial, to a large sum of money in his hands, and the 'shares thereof; and yet Alena Howard's attorney was demanding the payment of the whole sum over to her, and, as the record shows, moved against the sheriff and his sureties in the circuit court because of his failure to pay over this money to her.

The course of procedure under section 721 in this respect has never been clearly fixed or settled by this honorable court. The statute itself is a declaration of rights, without a fixation of procedure. So unless we can hold that a widow has the sole right to sue for the death of a husband; and unless this court will hold that

a railroad company may settle with a widow alone; obtain a valid acquittal from a widow alone, who is sole plaintiff in a suit for damages, although the fact is made known in the trial that there are minor children of the decedent employe living, it must result inevitably that these children are entitled to their day in court.

Mississippi has established a rule quite different from the general rule which obtains in some jurisdictions. In the case of *Howard, Sheriff*, v. *Proskauer et al.*, 57 Miss., page 247, Chalmers, J., in his opinion says:

"But, if it is brought to the knowledge of a tribunal which has jurisdiction only over some of the parties in interest that a litigation is pending in another court of competent jurisdiction to which all persons interested have been made parties, it should be an extreme case that would justify a peremptory judgment in favor of those who alone have access to the court pronouncing it. In the case at bar, the circuit court could take no cognizance of the matters involved in the chancery suit, because the junior creditors had no *locus standi* in that forum, while the chancery court on the other hand, having all the parties before it, could do competent justice; and while it is true ordinarily that the plaintiff who has reduced his claim to judgment and made effective an execution issued upon it has a summary right to demand money in the hands of the officer, yet this right is not absolute. It will never be exerted where there is a probability that the officer may be made liable to some other person, who has actually instituted legal proceedings with that view until there has been a determination of the latter issue. *Wilson* v. *Wright*, 9 How. Pr. 459; *Payne* v. *Kershaw*, Harper, 275; *Newland* v. *Baker*, 21 Wens. 264.

We have repudiated in this state the doctrine that money in the hands of an officer is *in custodia legis* in such sense that it cannot be reached by a creditor of the person for whose benefit it is held, and have declared

that such money is subject to garnishment as if in the hands of a private person. *Burleson v. Milan*, 56 Miss. 399. Certainly, that which may be done by garnishment may be done by plenary proceedings in equity to which all claiming an interest in the fund in controversy are made parties; and so it would seem that, as a creditor of A. Proskauker & Co. could have reached this fund by garnishment and thereby preclude them from maintaining a motion against the sheriff to compel its payment to themselves, the same result should follow in behalf of those who have in a competent tribunal instituted proceedings to show that they are, and that Proskauer & Co. are not legally entitled to it."

Under these circumstances, what wiser, better, more equitable course could have been pursued, than for the sheriff not to remain inactive, but of his own motion to file his bill of interpleader.

The court will bear in mind that not only is the chancery court, possessing, as it does, general equity jurisdiction, the proper tribunal, as stated by Justice Chalmers, for the settlement of such disputes, but by special statutes, chapter 19 of the Code of 1906, the chancery court is given special and exclusive jurisdiction over the business and interests of minors. Under the special law and statute of Mississippi, it is the duty of the chancery court to intervene for the protection of minors and their affairs and interests within its jurisdiction; and in the case at bar, we have three minor children of the decedent, who, after being used by the widow in the testimony in the original case, to induce recovery, are afterwards assailed by her as not being legal heirs, with any right in the judgment, or to its proceeds; or, as the bill puts it, "denies that said minors are the children of Henry Howard."

The court will bear in mind that there is no controversy here by the judgment debtor, the Yazoo & Mississippi Valley Railroad Company, based on any charge or claim

that the judgment rendered against it in the original suit is voidable, or may be escaped from on any ground. There is no controversy between the railroad company and the sheriff based on any charge of illegality or insufficiency or irregularity in the original proceedings, which culminated in the judgment against the company. Therefore, as explained in some of the decisions bearing on this point, there is no antagonism between the sheriff and the judgment debtor, so far as the judgment itself, and its payment, is concerned.

The only claim or demand asserted by the railroad company is one that exists independently of any facts or happenings connected with the original proceedings, or the judgment rendered in consequence of it. The claim propounded here arises from the acquisition of the Louisiana minor's interest in the judgment, under a formal transfer executed by the tutor and guardian of the Louisiana minor, by order of a court of competent jurisdiction, which had charge of the affairs of said minor in that state.

So far as the determination of the rights of the railroad company to propound its claims under the assignment, it may be treated, in order to be understood, as if it was a claim propounded by a third person, and a stranger to the original suit, and the judgment rendered in it; in other words, that it is a claim propounded by some one disconnected from the railroad company. We mean, of course, so far as the sheriff's position is concerned. When we consider the validity and sufficiency of the assignment to the railroad company, as between Alena Howard and the children on one hand, and the railroad company on the other, a different question arises.

We do not deem it necessary to cite here text book writers, or decisions or courts, to explain the nature and function of a bill of interpleader. But we do respectfully insist that the rules with respect to ordinary inter-

pleaders have been changed and modified by the effect of statutory enactment in this state, especially by the necessities arising out of our statutes and the official duties of sheriffs under them, to extend the remedies afforded by equity procedure to such officers as has been clearly approved in *Howard* v. *Proskauer,* 57 Miss. *supra.*

In the case of *Bates* v. *Lilly,* 65 N. C. 632, it was held that a right of interpleader which was practically given under a statute of that state to sheriffs, could be invoked by him to bring in parties to settle conflicting claims to funds in his hands realized under legal process.

In the case of *Shaw* v. *Chester,* 2 Edw. Chancery 405, it is held that a sheriff has a right to file a bill of interpleader to settle the claims of contesting parties to funds in his hands, when that remedy was the most direct and efficacious to lead him out of a situation into which he had been misled by following the directions or actions of the parties, when he cannot be relieved in any other way.

*McKnight & McKnight,* for appellees.

The want of equity on the face of the bill is apparent from a reading of the bill and an application of the principles involved, as raised in the other causes of demurrer assigned.

The bill does not present a case for any remedy in equity. The sheriff should have followed the writ and the statute in the collection and payment of the money on the execution. Freeman on Executions, § 101; A. and E. E. of Law, vol. 25, page 697, and cases from twenty-two supreme courts and from the supreme court of the United States cited at note 7; see also Id., pages 698, 699 and 700; *Dunn* v. *Bannison,* 7 Howard 579, holding that injunction must be resorted to by claimant; *Howard* v. *Proskauer,* 57 Miss. 247, holding that a sheriff will be excused until the determination of a suit filed by a third party against the creditor and the sheriff, praying for

an injunction though one be not issued. Code 1906, § 3994.

There is a want of privity of estate, title or contract between the alleged claimants. *Snodgrass* v. *Butler,* 54 Miss. 45; A. and E. E. of P. and P.; vol. 11, p. 449, and cases cited, among which is the Snodgrass case.

The several defendants whom appellant seeks to interplead are not shown to be claiming the same fund. There is, therefore, a want of identity of the fund claimed. A. and E. E. of P., vol. 11, p. 452, 453 and 454, note 1; *Blue* v. *Watson,* 59 Miss. 625 and 626; "Common Source," E. of P. and P., vol. 11, p. 464.

It is admitted by the brief of appellant that the children mentioned were not claiming any interest at the time of the filing of the bill herein, and the record shows that their pretended claim was first asserted on September, 1910, through the same attorneys who represent appellant. E. P. and P., vol. 11, p. 459 and note 3 and cases cited.

The claim of the railroad company, at the most, amounts to nothing more than a claim to a credit on the judgment, which it waived, by paying and satisfying in full the execution, see sheriff's return, therefore there were not two or more claimants. A. and E. E. of P. and P., vol. 11, page 464, note 2; *Blue* v. *Watson,* 59 Miss. 619; *Browning* v. *Watkins,* 10 S. & M. 482; *Knight* v. *Yarbrough,* 7 S. & M. 179; *Snodgrass* v. *Butler,* 54 Miss. 45.

The bill shows that the alleged assignment to the railroad company was from a minor without capacity to make it and was authorized by a court in Louisiana which had no jurisdiction of the property rights involved, which, if any, were in Mississippi. The claim was for tort and was assignable only as provided by section 718 of the Code of 1906, which was not done. The record shows the railroad company claims an assignment of an interest in a suit, while the record also shows that Alena Howard recovered her judgment some two months prior

to the date of said assignment. See as directly bearing on the above, Code 1906, §§ 2425, 2427, 2428 and 2421.

Therefore the bill showed no legal or proper claim by the railroad company and it follows that no claim was being made by any one at all by the very showing of the bill. The bill must set out claims of contestants so that the court may see if interpleader is called for. *Snodgrass* v. *Butler,* 54 Miss. 45; *Blue* v. *Watson,* 59 Miss. 619; *Browning* v. *Watkins,* 10 S. & M. 582; *Knight* v. *Yarbrough,* 7 S. & M. 179, and note to *Shaw* v. *Castor,* 35 Am. Dec. 707, "Claim, how described."

The minor defendants in the bill are thereby shown not to be capable of being interpleaded. *Browning* v. *Watkins,* 10 S. & M. 482.

The judgment settled all claims existing between Alena Howard and the railroad company and it could neither interplead her nor be interpleaded against her as to rights existing at the time of the judgment and covered by it—its assignment, if any it had, of an interest in the suit necessarily existed prior to the time the judgment was obtained. Note to *Shaw* v. *Castor,* 35 Am. Dec. 703—Interpleader after judgment.

The complainant is shown to be a wrongdoer as to the railroad company, if it has any interest. A. and E. E. of P. and P., vol. 11, p. 457 C. and note 3, "a sheriff who has committed a trespass," on page 458 Id.

The bill does not show the complainant to be a mere naked trustee, and it shows no right in complainant to interplead. *Snodgrass* v. *Butler,* 54 Miss. 45.

The bill shows upon its face that Alena Howard, the plaintiff of record, is entitled to recover the fund, either individually, *Dunn* v. *Bannison,* 7 Howard 579, or as trustee, *Allison* v. *Powers,* 36 Atlantic 333.

The bill does not show that any third person has actually instituted legal proceedings, in a competent tribunal against the sheriff and any other person or per-

sons, claiming the fund. *Howard* v. *Proskauer,* 57 Miss. 247.

A sheriff cannot maintain a bill for interpleader in chancery against the plaintiff of record as to money collected by such sheriff under execution issued on a judgment of the circuit court in favor of such plaintiff of record.

That interpleader cannot be maintained by a sheriff against an execution creditor. Enc. P. and P., vol. 11, page 450, and authorities cited at note 5, including *Third Ntl. Bank* v. *Skilling, etc. Lumber Co.,* 132 Mass. 410, in which the court says: "So a sheriff who has seized property upon execution, cannot maintain a bill for interpleader to determine whether the execution debtor or a third person claiming it is entitled to the property, as their claims against him are not of the same character or in the same light," citing *Shaw* v. *Coster,* 8 Paige 339, found in 35 Am. Dec. 690, and cites as authority Story's Equity Jurisprudence and is cited in *Parker* v. *Barker,* 77 Am. Dec. 794, which case of *Parker* v. *Barker,* is cited in note 5 above and being in 42 N. H. 78. The case of *McDonald* v. *Allen,* 37 Wis. 108, cited in said note, as to the exclusive remedy by a sheriff, is in 19th American Rep., p. 754. The case of *Shaw* v. *Coster,* the leading case upon this subject, gives a footnote of all cases upon the subject, and those with reference to sheriff will be found on page 706 of 35 American Decisions. E. of P. and P., vol. 11 P. 447; *Turner* v. *Lawrence,* 11 Ala. 427; *Bank* v. *Binninger,* 26 N. J. Equity 345; Am. and Eng. Ency. of Law, vol. 25, p. 691; *Street* v. *Crabtree,* 40 Nebraska 420, 58 N. W. 1022; *Dawson* v. *Bank,* 30 Ga. 664; Freeman on Executions, par. 101; Am. and Eng. Ency. of Law, vol. 25, p. 697, and cases cited at note 7; Id., pp. 698, 699 and 700; *Dunn* v. *Vannison,* 7 Howard 570; *Howard* v. *Proskauer,* 57 Miss. 247.

That our statute does not recognize a proceeding like this is plain from the provisions of section 771 of the

Code, which makes the provisions of section 772 applicable to a case brought against the sheriff for the recovery of personal property taken by him under execution, or for the proceeds of property so taken, but no such question is involved in this case; the money having been paid to the sheriff in settlement of the execution against the railroad company. Section 3993 is another section in reference to the sheriff's duty to examine the judgment roll as to priority of judgment liens and provides that the sheriff shall pay the judgment having priority and so return on his execution, but should there be a dispute as to which judgment has priority the officer is to make a statement of the facts and return same with the execution and money in to the court to which same is returnable, for the action of the court. And if anything further is necessary to show that no such proceeding as interpleader in chancery by a sheriff is contemplated by the statute of Mississippi, it is found in section 3994, which provides that where the sheriff has received under execution the whole or any part of the money for which the same was issued and the defendant before payment thereof to the plaintiff obtain an injunction against the execution, the officer shall pay over to the defendant money received or such part thereof as may be enjoined, under the penalties therein provided, which are the same as those set forth in section 4672. This section certainly puts at rest all questions in this case; shows that it is the duty of the sheriff to follow the statute and pay this money to the plaintiff unless he is enjoined from so doing. You will notice, upon reading the cases cited above, how they are based upon the hardship which might arise and that failure of the execution of the law by involving litigants and the sheriff into law suits among themselves as to who is entitled to money in the hands of the sheriff, as the proceeds of property levied on. But it never seems to have been contemplated that a defendant in a judgment would pay an execution and then without doing anything

further, except what was done here, have the sheriff to interplead the judgment creditor in the chancery court so as to determine whether the judgment creditor is enti- tled to money paid on the judgment or not. *Allison* v. *Powers,* 36 Atlantic Rep. 333 and cases cited and ap- proved; *Griffin* v. *Griffin,* 57 S. E. 689; *Foster* v. *Hicks,* 46 So. Rep. 533.

Argued orally by *J. B. A. Brunini,* for appellant, and *Theo. McKnight,* for appellee.

Mayes, C. J., delivered the opinion of the court.

While the pleadings in this case are voluminous, it is not necessary to set them out in full in order to state the question presented for decision by this record. The case is substantially as follows, viz.: It appears that in 1908 one Henry Howard was a fireman on the Yazoo & Mississippi Valley Railroad, and while so employed was negligently killed in a collision which occurred on the above line of railway on the 3rd day of November, 1908. Some time in 1909 Alena Howard, wife of Henry Howard at the time of his death, instituted a suit, as sole plaintiff, against the railroad company for the negligent killing of her husband, and recovered a judgment for the sum of seven thousand five hundred dollars. Some time after the recovery of this judgment an execution was issued on same for the purpose of collecting the principal and in- terest due thereunder, and this execution was placed in the hands of R. M. Kelly, sheriff, who collected the sum of seven thousand six hundred, seventy-two dollars and fifty cents, being the full amount of principal and interest then due. At the time the railroad company paid the above amount to the sheriff, it notified him that it held an assignment of the interest in the judgment claimed by. one Henrietta Howard, a minor child of Henry Howard, deceased, and also notified the sheriff that there were two other children of Henry Howard, to-wit, Robert Howard

and Sam Howard, all of whom were entitled to share in the fruits of the litigation equally with their step-mother, Alena Howard, and that under the law each was only entitled to a one-fourth interest in the judgment.

In this condition of affairs, the sheriff filed an inter-pleader in the chancery court of Warren county, making as an exhibit thereto all the proceedings had in the cir-cuit court on the trial of the cause when the judgment was rendered, this proceeding showing that the suit was instituted in the name of the wife alone, and in the testi-mony of the wife as it appears in that case it is shown that she testified that her deceased husband had three children at the date of his death; that is to say, Henrietta Howard, and Robert and Sam Howard, the last two of whom were living with her, and the first living in New Orleans with an aunt. It also appears in this testimony that these children are the stepchildren of the surviving widow and plaintiff in that suit. The sheriff made as parties defendant to his bill for interpleader the widow and all the children, McKnight & McKnight, attorneys for the widow, and the Yazoo & Mississippi Valley Rail-road Company, and after practically stating the above facts also stated that the suit of Alena Howard was brought under section 721 of the Code of 1906. The bill further states that these various parties are making con-flicting demands upon him, as sheriff as to the applica-tion of the funds so collected by him; that the Yazoo & Mississippi Valley Railroad Company demands one-fourth of the amount as assignee of the interest of Henrietta Howard; that Alena Howard demands the pay-ment to her or her attorneys of the whole sum; that Alena Howard contends that the minors are not the chil-dren of Henry Howard; and that McKnight & McKnight are asserting an interest in the judgment. The bill fur-ther states that the sheriff claims no interest in the fund, but under the circumstances does not know to whom he should pay the money, and after paying the money into

court prays that all the parties defendant be compelled
to come into court and litigate their claims. A demurrer
was filed to this bill, and sustained by the court, and the
bill dismissed, from which judgment an appeal is prose-
cuted here.

In order that this cause may be properly understood,
it is necessary to refer to the statute under which the
suit, resulting in the judgment over which this contro-
versy arises, was brought. If the general rules in regard
to when it is proper to file a bill of interpleader are to
control, it is doubtful if this suit can be maintained. The
rights of the various parties to this litigation find predi-
cate in section 721 of the Code of 1906 and chapter 167,
p. 183, of the Laws of 1908. The law of 1908 really ap-
plies, since the above chapter of the Laws of 1908 was in
effect when the death occurred and when the suit was
brought. This act provides that: "Whenever the death
of any person shall be caused by any real, wrongful, or
negligent act, or omission, or by such unsafe machinery,
way or appliances as would, if death had not ensued, have
entitled the party injured, or damaged thereby to main-
tain an action and recover damages in respect thereof,
and such deceased person shall have left a widow or
children, or both, or husband, or father, or mother, or
sister, or brother, the person or corporation, or both,
that would have been liable if death had not ensued, and
the representative of such person shall be liable for dam-
ages, notwithstanding the death, and the fact that death
is instantaneous shall, in no case affect the right of re-
covery. The action for such damages may be brought in
the name of the widow, for the death of her husband,
etc. . . . or all parties interested may join in the
suit, and there shall be but one suit for the same death
which shall enure for the benefit of all parties concerned,
but the determination of such suit shall not bar another
action unless it be decided on its merits. . . . Dam-
ages recovered under the provisions of this section

shall not be subject to the payment of the debts or liabilities of the deceased, and such damages shall be distributed as follows:  Damages for the injury and death of a married man shall be equally distributed to his wife and children,'' etc.

The ordinary rules of interpleader, which prohibit a sheriff from filing a bill as against the execution creditor, have no application to this case.  If Henrietta, Robert, and Sam Howard are children of Henry Howard, deceased, as they claim to be, they were by law plaintiffs in the suit of Alena Howard against the Yazoo & Mississippi Valley Railroad Company just as though their names appeared in the declaration.  Being in fact plaintiffs by law, they are just as much execution creditors as Alena Howard, the widow and stepmother.  Her recovery was their recovery to the extent of their interest as fixed by the law, and when notice of this fact was brought to the attention of the sheriff he could no more ignore them than he could ignore Alena Howard, the record plaintiff in the suit.  The duty of the sheriff was the same toward all, if they are the children, and there is a privity of title between all, since the right of all is derived from identically the same source.  In the case of *Foster* v. *Hicks*, 93 Miss. 219, 46 South. 533, we held that: ''Under Code 1906, § 721, when the injury results in death, as has already been held by this court (*Pickens* v. *Illinois, etc. R. Co.*, 92 Miss. 210, 45 South. 868), only one suit can be instituted, and in this suit must be recovered all damages of every kind to any and all parties interested. When the action is for the death of a husband or wife, the section provides that 'action may be brought in the name of widow for the death of the husband or by the husband for the death of a wife,' etc., 'or all parties interested may join in the suit,' etc.; but if all parties interested do not join in the suit, and it be conducted in the name of the father or mother alone, or if all parties interested do join in the suit, and there is a recovery, and

it be attempted to exclude any of them from their share of the proceeds by having the judgment entered up in the name of the mother or father, to the exclusion of the children, such action cannot affect their right. The statute fixes the interest of all parties, and nothing that the court can do can eliminate their interest.''

So far as the widow and children are concerned, they derive their title from the same source. If they be in fact widow and children of deceased, their rights are fixed by the statute beyond the power of obliteration by any court or any officer of the court. All are plaintiffs in execution, with equal rights, and the sheriff has the same duty to each from the time he has notice. The very complication of the situation, viewed in connection with the statute, makes resort to interpleader necessary, and under it alone can the rights of all parties be properly ascertained and protected. It is shown that the Yazoo & Mississippi Valley Railroad Company claims one share by virtue of an assignment, the validity of which we do not now determine. It is alleged that McKnight & McKnight assert a claim under contract with the nominal plaintiff to a part of the proceeds. This plaintiff in turn claims the whole recovery as against the alleged children, denying that they are the children, and in turn the children assert their right to a one-fourth interest each in the recovery. No court but the chancery court is capable of dealing with all these conflicting interests, guarding and protecting the interests of the minors.

We are not to be understood as introducing any new rule in reference to when an interpleader is proper, further than we conceive the rule to have been changed by the statute in question. The sheriff cannot be called upon to determine the fact of whether or not the children are the children of the deceased, whether they are legitimate or not, whether the assignment to the Yazoo & Mississippi Valley Railroad Company is a valid assignment;

or whether McKnight & McKnight have a lawful claim to any part of the proceeds of the judgment claimed by the children. The difficulty of adjusting all these mat-ters in the court wherein the judgment was obtained is equally manifest, and the remedy complicated and un-certain.                          *Reversed and remanded.*