### MIRANDA AMOS *v.* MOBILE AND OHIO R. R. CO.

1. KILLING OF MINOR. *Right of mother to sue for damages. Section 1510, Code of 1880, construed.*

    Section 1510, Code of 1880, provides that "whenever the death of any person shall be caused by any such wrongful act or omission as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children, or both, or husband or father, the person or corporation, or both, that would have been liable if death had not ensued and the representatives of such person shall be liable for damages, notwithstanding the death; and the action may be brought in the name of the widow for the death of her husband, or by the husband for the death of his wife, or by the parent for the death of a child, or in the name of a child for the death of an only parent." Under this provision a mother (though sole parent) has no right of action for the wrongful killing of her minor child. The use of the word "parent" in the statute has reference to the "father," "left" by "such deceased person."

2. SAME. *Mother's right of action at common law. Section 1510, Code of 1880, distinguished.*

    The above quoted statute confers no such right of action as was recognized in the case of *N., J. & C. R. R. Co.* v. *Cook, ante* 38, in which it was held that when the death of a minor child from injuries inflicted by another is not instantaneous the mother might sue, at common law, for loss of service and expenses incurred from the time of the injury until the death of the child.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

In September, 1883, Miranda Amos instituted this suit for damages against the Mobile and Ohio Railroad Company for the killing of her minor son sometime during that year. The decla-

ration set out that the killing was the result of an attempt on the part of the boy to obey the instructions of a conductor to couple cars, the bumper to one of which was wanting or defective, whereby the cars caught the boy between them and instantly crushed him to death, and was occasioned by the negligence of the railroad company in permitting the use of cars which they knew were defective. The defendant demurred to the declaration on the ground that at the time of the killing there was no right of action in the mother for such injury. The court below sustained the demurrer, and the plaintiff appealed.

*Griffin & Ethridge,* for the appellant.

This demurrer assumes that the mother cannot maintain an action against the defendants for the death of her minor child under § 1510 of the Revised Code of 1880.

It is true that the word mother is omitted in the first enumeration of parties who may maintain an action, etc., but that omission is obviously supplied and made clear by the general term of parent. To deny this would be denying that a mother is a *parent.* To say that where there is no father living the mother, who is the surviving parent, could not maintain an action equally with the father if living would be a travesty of justice scandalous to the lawmakers. That the omission of the word mother in the first enumeration was a clerical omission is clearly obviated in the subsequent enumeration by the employment of the word *parent,* a term common both to father and mother.

*Fewell, Watkins & Brahan,* for the appellee.

For injuries causing death no action lies at common law. *Carey v. The Berkshire R. R. Co.,* 1 Cush. 475; *Quin* v. *Moore,* 15 N. Y. 432. When an action is given by statute no person but the one designated is entitled to sue, and the statute must in that respect be conformed to. Rorer on Railroads, vol 1, p. 691. If a right of action is given for such injury without saying who is authorized to bring the suit, then the action may be maintained by the administrator or executor of the deceased. Under § 1510 of the Code of 1880, a right of action is given for such injury to the father alone. The mother has no right to maintain the action.

The legislature in 1884, page 75, acts of that year, so amended this law as to give the mother also the right to sue. The damage, if any in this case, had accrued before the mother had by law any right to sue, and the suit was begun before she was so authorized to sue, hence the court below did right in sustaining the demurrer and dismissing the suit. If the law as above stated is correct, then by no sort of reasoning can the plaintiff be construed to have the right to sue, she not having been so authorized by § 1510, Code of 1880, the law, and the only law then in force, authorizing any one to sue for any injury resulting in death.

This statute creates a new cause of action, and must, therefore, be strictly construed, which, when done, forever precludes the right of plaintiff's action.  *Smith* v. *L. & N. R. R. Co.*, 75 Ala. 449.

Counsel for plaintiff try to construe the use of the word parent in § 1510 of Code 1880 into plaintiff's right to sue. This refers back to the word father and can in no way be by any rule construed to mean the mother when used as it has been in this case. Besides, if this statute is to be strictly construed, as all the decisions clearly indicate, then she had no right to maintain the suit and the demurrer should have been sustained, and the court below committed no error in its ruling upon the question.

Arnold, J., delivered the opinion of the court.

The declaration showed no right of action in appellant. Section 1510 of the Code of 1880, copied from the Code of 1857, created a cause of action which did not exist at common law; but this statutory cause of action was limited to cases in which the deceased person " left a widow or children, or both, or husband or father." " The parent," mentioned in one portion of the statute, in whose name action might be brought to recover damages for the death of a child, must be referred to the parent previously designated in the statute, to wit, the father left by the deceased.

This defect in the statute was remedied by the act of 1884, Acts of 1884, p. 75, but this was done subsequently to the injury here complained of, and to the bringing of this suit, and it cannot avail appellant.

The case is different from that of *N., J. & C. R. R. Co.* v. *Cook,*
*ante* 38, in which it was held that when the death of a minor child
from injury inflicted by another was not instantaneous, the mother,
without reference to the statute, might sue at common law for
damages occasioned by the loss of the services of the child and
for incidental expenses incurred by her from the date of the
injury which produced death to the time when the child died.

*Affirmed.*