WILLIE McVEY, ADMX., *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

1. SURVIVAL OF ACTIONS. *Instantaneous death. Railway employee.* Code 1892, § 1916. *Const.* 1890, § 193.

   Neither under § 1916, code 1892, by which the right to maintain all personal actions survives to the personal representative of a decedent, nor under § 193, constitution 1890, providing that, "where death ensues from any injury to [railway] employees, the legal or personal representatives of the person injured shall have the same rights and remedies as are allowed by law to such representatives of other persons," can an action be maintained by an administrator of a deceased railway employee for injuries causing the death of his intestate, if the death was instantaneous. *Railroad Co.* v. *Pendergrass*, 69 Miss., 425, cited.

2. SAME. *Causes of action. Improper joinder.* Code 1892, §§ 663, 1916.

   A cause of action that, under § 1916, code 1892, survives to the personal representative as one that the deceased might have sued on, cannot be joined with the cause of action vested in the widow, by

§ 663, code 1892, in cases of wrongful death; and, where a widow sues as administratrix, alleging in her declaration that she was appointed administratrix for the purpose of bringing suit, the action will be treated as one brought by the personal representative. *Railroad Co.* v. *Phillips*, 64 Miss., 693, cited; *Railroad Co.* v. *Cook*, 63 Miss., 38, explained.

From the circuit court of Clay county.

Hon. C. H. Campbell, Judge.

The provision of the constitution of 1890 (§ 193), relied on by the appellant, is that under which railway employees have the same rights and remedies allowed to other persons, notwithstanding the fact that the injury may have resulted from the negligence of a superior agent or officer, or of a fellow-servant engaged in another department of labor, etc. It concludes as follows: "Where death ensues from any injury to employees, the legal or personal representative of the person injured shall have the same rights and remedies as are allowed by law to such representatives of other persons, . . . and this section shall not be construed to deprive any employee of a corporation of any right or remedy that he now has by the law of the land. The legislature may extend the remedies herein provided for to any other class of cases."

The suit was brought by the appellant, the widow of John S. McVey, as his administratrix. The declaration alleges that the plaintiff was appointed administratrix for the purpose of bringing the suit, and concludes with the allegation that she and her child were his only heirs, and that his estate owed no debts. It does not allege that the deceased employee survived the accident; indeed, it alleges that he was killed in the same. The evidence showed that he was dead when found under the wreck, a few minutes after the accident. The court gave a peremptory instruction to find for the defendant. Appeal by plaintiff.

*Critz & Beckett*, for the appellant.

Section 193, constitution 1890, embraces two classes of em-

ployees—those who could have sued at common law, without the aid of the constitution, and those who could not.   This is made plain by its concluding words.   In *Railroad Co.* v. *Hunter,* 70 Miss., 471, where it was held that, when an employee was killed, it was necessary for the administrator to bring the suit, it was said that the constitution prescribes the remedy in the class of cases it creates.   In the class of cases which it did not create, but which are embraced, in it, the remedy provided by it is, under the above language, concurrent with any right or remedy which existed before.   The constitution plainly meant to enlarge, not restrict or diminish, and at the same time, as far as possible, to harmonize the laws.   Hence, in all cases "where death ensues," the administrator, it says, shall have the right to sue; and, as the constitution is mandatory that it shall not be construed to take away any rights then existing "by the law of the land," it is plain that the administrator can assert any right which before existed by this law of the land.

The declaration and evidence bring the case within that class of cases where a recovery could have been had before and without the aid of the constitution.   It does not belong to that class where new rights were created, but to that class where an additional remedy was provided and old rights were preserved. It charges that the death of McVey was caused by a defective track and too heavy an engine.   If this is true, the defendant would be liable, in the absence of the constitutional provision, for the master is bound to furnish safe and suitable "ways and appliances."   The section of the constitution cited covers every class of employees and every class of injuries to them, whether death results or not, and whether the injury was actionable anterior to the constitution or not.   There were cases where an injury or death of an employee was actionable before the constitution, as in case of a defective track, unsafe cars, ways and appliances, etc.—in fact, in all cases where the injury was not caused by the negligence of a "fellow-servant."   While the primary object of the constitution was to enlarge and extend

the right of recovery to nearly all cases where the injury re-
sulted from the negligence of a fellow-servant, yet, in doing so,
it clearly embraced and covered the whole law of injuries to
employees.  It made the whole law as to all classes and kinds
of injuries to employees and former rights and remedies were
only preserved by its express proviso.  Without this proviso,
all former rights and remedies would have been superseded and
repealed by substitution, under a well-known rule of interpre-
tation.  *Swan* v. *Buck*, 40 Miss., 268; *Railroad Co.* v. *Weiner*,
49 Miss., 725; *Myers* v. *Marshall County*, 55 Miss., 344.  The
constitution ought not to be construed as to have one rule for one
class of cases coming under it and another rule for another
class.  It is clear that, as to all injuries to employees which
were not actionable before the constitution was adopted, it
creates the right of action, and where a law creates a right and
prescribes the remedy, that remedy is exclusive.  *Brown* v.
*Beatty*, 34 Miss., 227.  Hence, as to this class of injuries,
when death results, the suit not only may, but must, be brought
by the administrator.  As to the other class of injuries—those
which antedated the constitution—the suit may be brought by
the administrator; but this is not compulsory, for it is pro-
vided that "this section shall not be construed so as to deprive
any employee or his legal representative of any right or remedy
which he now has by the law of the land."  The only way to
bring about harmony is to hold that, under this section, suit
may be brought in all cases in the name of the administrator,
and that, when this is done, the rights of the father, mother,
widow and children and creditors are all merged in the ad-
ministrator.  An administrator may join a claim due to him
individually with a count for one due to him as administrator.
This was done in *Railroad Co.* v. *Cook*, 63 Miss., 38.  This is
the effect of the case at bar, where the widow, having the right
to sue on both claims, combines them, and alleges that she and
her child are the only heirs, and that there are no debts of the
estate.  See, also, *McMaster* v. *Railroad Co.*, 65 Miss., 264;

*Railroad Co.* v. *Barber*, 44 Am. & Eng. Ry. Cas., 523; *Railroad Co.* v. *Crudup*, 63 Miss., 299; *Rucks* v. *Taylor*, 49 Miss., 560; *Lea* v. *Hopkins*, 7 Pa. St., 385; *Stafford* v. *Gold*, 9 Pick. (Mass.), 532.

2. The fact of instantaneous death is not a defense, under the constitution, in any case.   The purpose of §§ 2078, 2079, code 1880, is said, in *Railroad Co.* v. *Pendergrass*, 69 Miss., 425, to have been simply to preserve pending suits or existing rights that the deceased had in his lifetime.   But such is not the scope and object of § 193 of the constitution.   It does not deal with estates or the administration of estates.   Its purpose was to fix definitely the limits within which corporations should be liable for injury to their employees, and then, incidentally, to designate a person in whom the right to sue shall be vested when death ensues, and, also in its caution, to preserve existing rights and remedies.   The right of the administrator does not depend upon whether or not death is instantaneous, but whether or not it ensues from the injury.   *Short* v. *Railroad Co.*, 69 Miss., 848.

3. Although appellant's husband was dead when found a few minutes after the injury, his surroundings, when found, and the appearance of his body, were not such as to necessitate the conclusion of instant death, and that question should have been left to the jury.   In *Railroad Co.* v. *Pendergrass*, the employee was ground to pieces by the car wheels during the continuance of the accident.   *Bancroft* v. *Railroad Co.*, 11 Allen (Mass.), 34; *Kellow* v. *Railroad Co.*, 21 Am. & Eng. R. R. Cases, 485; *Railroad Co.* v. *Bowles*, 71 Miss., 1004.

The maxim, *actio personalis moritur cum persona*, is a barbarous one, and has never commended itself to the best authorities.   Webb's Pollock on Torts, pp. 71, 73, 77; *Finley* v. *Chirney*, 20 Q. B. Div., 494, 502.

*Mayes & Harris*, for the appellee.
This suit is one brought by the administratrix of the deceased

employee, and it is not alleged or shown by the evidence that he survived the injury.    On the contrary, his death appears to have been instantaneous.    In such case no right of action survives to his personal representative.    *Railroad Co.* v. *Pendergrass*, 69 Miss., 425.

Argued orally by *R. C. Beckett*, for the appellant, and by *J. B. Harris*, for the appellee.

Cooper, C. J., delivered the opinion of the court.

The appellant, who is the widow of John S. McVey, deceased, was appointed administratrix of his estate, to the end that in such character she might prosecute this suit.    The form of the grant of the letters is peculiar, adopted, we infer from the brief of counsel, upon the idea that if the exigency should arise, the plaintiff might be considered either as administratrix suing as the representative of the deceased or as a *quasi* administratrix, authorized to sue upon a right of action vested in herself as widow, and in her infant child, for the negligent killing of Mr. McVey by the defendant.

The declaration avers that McVey was employed by the defendant company as a brakeman, and while engaged in said service, and in the performance of his duty, was killed by the derailment of a car, which derailment was caused by the negligence of the superior officers and agents of the defendant, which negligence consisted in supplying engines too heavy for the rails, by reason of which the rails were crushed and spread, and the car thrown from the track.    It is further averred that the plaintiff, his widow, and one child, born after his death, were the sole distributees of the deceased, who, at his death, owed no debts.

The plaintiff's contention is, that, as the administratrix of the deceased, she is entitled to prosecute the action which he had, and which, but for his resulting death, he might have maintained, and if it should appear that there was no right of

action in the deceased, then that she is entitled to recover for herself and child for the injury they have sustained by his death.

On the trial of the cause the court gave the general charge for the defendant.

It is unnecessary to review all the proceedings in the court below, for, in view of the evidence on one point, the case lies within narrow limits, and is controlled by our previous decisions.

We think the evidence shows beyond all doubt that the deceased was instantly killed.    The engine and car were running at a rapid rate; the car was derailed, turned over, and fell upon the head and the upper half of the body of the deceased, and there is nothing in the evidence to suggest that he survived for the shortest time the completion of the accident.    When the engineer reached the scene, within two or three minutes, the deceased was then dead, and though no *post mortem* examination of the body was made to determine the character of the injury, the nature of the force by which the death was occasioned, the weight of the car and the situation of the body when found lead to the conclusion that the death was instantaneous.    Such being the case, there was no right of action in the deceased, and, consequently, none which survived to his representative.    *Railroad Co. v. Pendergrass*, 69 Miss., 425.

The right of action, which, notwithstanding the death of the party injured, survives to his personal representative under § 2079 of the code of 1880, § 1916 of code of 1892 and § 193 of the constitution, is entirely distinct from the action given to the next of kin by § 1510 of the code of 1880, § 663 of code of 1892.    They may co-exist, but have no connection.    *Railroad Co. v. Phillips*, 64 Miss., 693.

We are not to be understood as assenting to the proposition of counsel, that recovery may be sought in one action for the injury done to the deceased and that done to the next of kin. An examination of the statement of facts in the case of *Railroad Co. v. Cook*, 63 Miss., 38, which is cited by counsel in support of this suggestion, shows that an agreement had been

entered into between the parties by which "all questions of law and fact were eliminated," except as stated by the parties, and it was agreed that, "if, in either [any] phase of the case, the supreme court shall be of opinion that the plaintiff is entitled to a recovery," the judgment should be affirmed.

Accepting this agreement of the parties, and being of opinion that the plaintiff, as mother of the deceased infant, was entitled to recover, we affirmed the judgment. But that decision is not authority for the proposition that these two separate and independent actions may be joined, and a recovery for both the personal representative and the next of kin had in one suit.

The present action must be treated as that of the personal representative of the deceased, and not that of his widow suing for the loss she has sustained by his death. Whatever may have been or may be that right of the widow it finds, therefore, no place for discussion or decision here. Considered as a suit by the personal representative only, the fact that the death of the deceased was instantaneous is conclusive against a right of recovery.

*The judgment is affirmed.*