SCOTT JONES ET AL. *v*. KANSAS CITY, MEMPHIS & BIRMING-
HAM RAILROAD CO.

1. PARTIES. *Assignment. Interest in recovery. Usee.*

An agreement that a person named as usee in a suit shall share in
the recovery in compensation for his aid in collecting a claim, unac-
companied by any obligation to pay fees or costs, does not make
him an assignee of any part of the demand.

2. SAME. *Actions of tort.*

In actions of tort, usees have no rights that entitle them to recogni-
tion as parties litigant; but proof of right in the nominal plaintiff
entitles him to a recovery.

FROM the circuit court of Marshall county.

HON. Z. M. STEPHENS, Judge.

This was an action against the railroad company for one hun-
dred dollars damages for a mule killed, and was brought by
the appellant, Scott, for the use of one Hargus. The nominal
plaintiff testified, on cross-examination, to the facts appearing
in the opinion of the court, whereupon defendant moved to
dismiss the action on the ground that it was one arising *ex de-
licto*, and could not be maintained in the name of the usee.
The motion was sustained, and from the judgment of dismissal
this appeal was prosecuted.

*Strickland & Gary*, for the appellant.

Where it appears, as it does in this case, that the usee had
no interest in the suit, he will be disregarded. *Railroad Co.*
v. *Cantrell*, 70 Miss., 329. The learned court below was led
astray by the last paragraph in the opinion of the court in the
above case. This being an action *ex delicto*, the court was of
the opinion that there could be no usee, and that the mistake

was fatal. Disregarding the fact that the right of the nominal plaintiff to recover had been clearly proven, and in such cases as stated by this court in the above case, the usee must be disregarded.

Claims for damages arising out of torts in cases of this kind, stand upon the same footing as open accounts. The ancient doctrine that a claim of this kind could not be assigned, has been abolished in this state. They are now assignable, and, when assigned in writing, the assignee can bring an action in his own name. *Railroad Co.* v. *Packwood*, 59 Miss., 280.

Should the court be of the opinion that a part of the claim was transferred, then the suit is properly brought, as it was not transferred in writing. However, we insist that there is no assignment of any kind, and therefore the usee must be disregarded.

*J. W. Buchanan*, for the appellee.

1. It will not be questioned that this is an action *ex delicto*, nor will it be questioned that in actions of tort there can be no usee; in other words, that the usee cannot maintain an action *ex delicto*. This same question was raised in the case of the *K. C., M. & B. R. R. Co.* v. *Cantrell*, 70 Miss., 329. This court held in that case that, in actions of tort, there can be no usee, and if one is named, his right must be disregarded, and the plaintiff fail of recovery, unless the rights of the nominal plaintiff be proven. The fact that the assignee of a claim *ex delicto* cannot maintain a suit in his own name, does not militate against the proposition that the same cannot be assigned or given away. The maintenance of a suit is one proposition, and the right to assign the same, no matter what may be its nature, is a different proposition.

2. I further submit that it was proper for the court to dismiss the suit on the grounds that the contract between the nominal plaintiff and the usee was champertous. The testimony of the nominal plaintiff (Jones) shows that the usee (Hargus) was

to bring the suit, and was to have an equal part of the recovery, if any was obtained against the railroad company. *Moody* v. *Harper*, 38 Miss., 629.

The testimony clearly shows that the nominal plaintiff turned the claim over to the usee to bring the suit, and for so doing he was to receive one-half of the recovery. This testimony clearly makes out the first proposition laid down by the supreme court, which makes this case one of champerty. The nominal plaintiff's testimony is that he presented the claim to the usee for the purpose of suit. The suit was brought in the name of Jones for the use of Hargus. Section 869, code of 1892, provides that the usee may be required to secure or pay cost, and shall be liable therefor.

WOODS, C. J., delivered the opinion of the court.

There was no assignment of the claim sued on by Jones to Hargus, called the usee in the claim sued and in the proceedings. Hargus was not the assignee of the demand, but his agreement with Jones was only that he was to help Jones collect the claim, and Jones was to divide the recovery with him as compensation for his services. There is no agreement shown that Hargus was to incur any fees or costs in the effort to collect the claim. Jones, it appears, had become wearied and disheartened by repeated failures to collect his demand by his own unaided efforts, and he procured Hargus' services to help in further efforts, and promised him one-half of the amount which might be recovered.

If the right to recover by the nominal plaintiff had been shown (as to which we express no opinion, inasmuch as that is not now before us), the case should have gone to the jury, and the usee named, and his rights, if he had any, should have been disregarded by the court. In *Railroad* v. *Cantrell*, 70 Miss., it was held that "in actions for tort there cannot be a usee, and, if one is named, his rights must be disregarded, and the plaintiff will fail of recovery unless the right of the nominal

plaintiff be proved." It is true, as argued by counsel for ap-
pellee, that this is an action *ex delicto*, and that in tort there can
be no usee, but that does not conclude the nominal plaintiff from
recovery, if he proves his case, because he has improperly named
some one as usee. The very case relied upon by counsel, the one
we have just cited, holds that, in such case, the nominal plaintiff
may recover, and the usee and his rights, if he have any, should
be disregarded.

*Reversed.*