YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* MRS. MARY JEFFRIES, ADMINISTRATRIX.

[55 South. 354.]

EXECUTORS AND ADMINISTRATORS. *Letters revoked. Right to apply.* *Code* 1906, *sections* 2093 *and* 2019.

Under Code 1906, section 2093, which provides that "when either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action;;" and section 2019, Code 1906, which provides that "an administrator may be appointed to institute and conduct suits, whose power shall cease when the litigation is entirely closed. A railroad, defendant, in a pending suit for personal injury brought by a plaintiff who dies while the suit is pending, has no such interest as will entitle it to move for revocation of letters of administration granted to a party for the purpose of prosecuting such suit.

APPEAL from the chancery court of Desoto county.

HON. J. T. BLOUNT, Chancellor.

Proceeding by the Yazoo & Mississippi Valley Railroad Company to revoke letters of administration of Mrs. Mary Jeffries on the estate of R. W. Jeffries, deceased. From a decree in favor of the administratrix, the railroad appeals.

The facts are sufficiently stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

Section 2091 of the Code of 1906, which is a practical rescript of section 1916 of the Code of 1892, provides that executors, administrators and temporary administrators may commence and prosecute any general action whatever, in law and at equity, which the testator, or intestate may have commenced and prosecuted. But this means, of course, where there is an administrator

by appointment under the law in this state, or where the temporary trustee was appointed to preserve an estate of which some right of action was a part.

Section 2019 of the Code provides: ''If necessary an administrator may be appointed to institute and conduct suit, whose power shall cease when the litigation is entirely closed, and who shall only account for the proceeds of the suit.''

The sections above quoted constitute practically all the statutes bearing on the subject of consideration, and we have referred to them in close sequence, in order that we may understand clearly the proposition we now submit and offer as a reason why Mrs. Jeffries should not have been appointed administratrix to proceed with the suit against the defendant, and why the estate of R. W. Jeffries, after his death, possessed no property, no effects and no rights in action in Mississippi.

We now desire respectfully to assert that when R. W. Jeffries, a citizen and resident of the state of Tennessee, died in that state intestate, that all his rights to recover for any alleged libel or slander uttered against him in his lifetime, died, abated and ended with him and his decease.

Under the law of the state of Tennessee, the place of residence and domicile of Jeffries at the time of his death, it is provided by express statute, that rights of action for libel and slander shall expire and die with the plaintiff in a pending suit founded thereon.   The statute of Tennessee in question is section 4569 of Shannon's Code and is as follows:

''What actions survive.—No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party but may be revived.''

The statute has been completed and applied in the following decisions of that state:  3d Sneed, 128; 4th Heis, 201; 7th Heis, 231; 7th Box, 299; 11 Lea, 10-11.

The court will, therefore, perceive that if Jeffries possessed any right at all, it was a personal right vested in him and which was in him in the state of Tennessee. The suit at law which he had instituted in the circuit court of Desoto county was but the remedy, the channel through which he was attempting to effectuate his alleged right of action.

Of course, there is an essential difference between a remedy and a right, and we need not trespass on the time and attention of the court to discuss this proposition. The right was attached to, existed in and always accompanied the person of the possessor of the right. Therefore, when Jeffries died in the state of Tennessee, while a citizen of, and a resident in that state, the right died with him by the express statutory provisions of the law of the state of his domicile, at the time of his death.

So when any person after his death should apply for the grant letters of administratior thereof, alleging in the petition, as appears on the face of the record, the allegation and admission that Jeffries had no property or effects in the state of Mississippi subject to administration, and no right of any sort which could be considered a "property right," except the pending suit for damages for libel, then it appears that no letters of administration should have been granted, because no right in Jeffries or in his estate survived him, or could be represented by an administrator; therefore, the administrator represented nothing at the date of the filing of her application for appointment.

*Robert L. Dabney,* for appellee.

The brief filed by counsel for the appellant contains the most curious, but ingenious argument that it has ever been the fortune of this writer to see; counsel for appellant appears to admit that if Jeffries had not begun the suit in his lifetime, then, under section 2019 of

the Code, a temporary administrator could have been appointed, provided, as he says, there was anything in Mississippi to be administered upon: ·That is,· his objection is two-fold: first, that section 2019, while it permits the appointment of an administrator for the purpose of instituting suits, it does not authorize the appointment of an administrator to conduct to conclusion a suit begun by the intestate in his lifetime. I dismiss this proposition as being without merit, or being too deep for my comprehension. But says counsel, if mistaken in this, the statutes of Tennessee do not provide for the survivor of libel suits: To this we have two answers; first, this is not a suit for libel; and as that very question is one of the "fighting" questions in the circuit court suit; and second, if Jeffries had a right to commence his suit in the state of Mississippi, in case of his death pending such suit, the laws of Mississippi, and not those of Tennessee, control.

As I have not the record before me, I am not sure how much of the circuit court file is copied into it, but from the declaration, itself, it is very apparent that it is not a suit for libel. This is evidenced by the facts that no matter alleged to be libelous is copied into it, and many of the acts charged a violation of Jeffries' rights are alleged to have been committed much more than a year prior to the filing of the declaration. In fact, the question of whether the statute of limitation controlling in actions for libel apply in this case has been raised, and decided adversely to the defendant in the circuit court, appellant here. Hence, we respectfully submit that if the Tennessee statutes do not provide for the survivor of libel actions, the question of whether the Tennessee or Mississippi statutes are to control in the final determination of this case will not be decided in a collateral issue, when that very question; both whether this is a suit for libel, and whether the Tennessee statutes have application, are vital questions in the case in the circuit

court. It would be a strange construction of our statutes if Jeffries having worked all his life (since boyhood) for the old Mississippi and Tennessee and later for the Yazoo & Mississippi Valley, both Mississipi corporations, and the wrong complained of having been done him while agent at Rosedale, in Bolivar county, Mississippi, and he having begun a suit for that injury in the courts of Mississippi, that these courts should loose jurisdiction by the operation of a Tennessee statute. But it is idle to multiply words, section 2019 of the Code of 1906 does or does not authorize the appointment of an administratrix to prosecute a suit begun in the lifetime of the original plaintiff; the language of the statute is, "to bring and prosecute suits," and on that statute we stand. We cannot conceive, in this day of liberal construction of remedial statutes, how a black-listing corporation can escape a trial in the circuit court in this case just because the plaintiff died pending the determination of the suit.

We respectfully submit that the action of the chancellor in dismissing the petition of the railroad, appellant, to revoke the letters of Mrs. Jeffries as temporary administratrix of her deceased husband, was eminently proper and the decree should be affirmed.

MAYES, C. J., delivered the opinion of the court.

Some time in October, 1908, and in the lifetime of R. W. Jeffries, he instituted a suit against the Yazoo & Mississippi Valley Railroad Company in Desoto county, seeking to recover damages for certain injuries alleged to have been wrongfully sustained by him. For the purpose of deciding this case, we consider nothing except the fact that the petition for letters of administration discloses that such a suit is pending. Subsequently he moved to Memphis, and died while the suit was pending and untried, and after his death his wife, Mrs. Mary Jeffries, filed a petition in Desoto county praying for the

grant to her of letters of administration. In the peti-
tion she states that R. W. Jeffries left no real or per-
sonal property, except the suit for damages against the
appellant. The petition contains every requisite for a
petition of this character, and there is no objection to it
for want of form. Letters of administration were
granted, and bond. executed. After this was done the
Yazoo & Mississippi Valley Railroad Company, against
whom the suit is pending, moved the court to revoke the
letters for causes set out in the motion. We do not
give the grounds of this motion, because it is our judg-
ment that the railroad company has no interest that
would warrant any such motion on its part. If there
is any merit in the grounds of the motion, it must be
used as a defense to the pending suit, when the railroad
has some interest involved. The railroad has no inter-
est in the question of whether or not letters of adminis-
tration are properly granted to Mrs. Jeffries, merely be-
cause it may give her a right to continue a suit against
it.

Section 2093 of the Code of 1906 provides that "when
either of the parties to any personal action shall die
without final judgment, the executor or administrator
of such deceased party may prosecute or defend such
action," etc., and section 2019 of the Code of 1906, pro-
vides that "an administrator may be appointed to in-
stitute and conduct suits, whose power shall cease when
the litigation is entirely closed," etc. Under these two
sections of the Code express authority is given for the
appointment of an administrator to institute or conduct
suits, and it is expressly declared that the death of a
party to any personal action shall not abate the suit.

Counsel for appellant raise many interesting ques-
tions, but none of them can be considered in this pro-
ceeding. .                                       *Affirmed.*