BERRYHILL et al. v. NICHOLS.

(Division B. Jan. 14, 1935.)

[158 So. 470. No. 31490.]

John T. Smith, of Cleveland, for appellants.

772

Brewer & Montgomery, of Clarksdale, for appellee.

Griffith, J., delivered the opinion of the court.

Appellants are the next of kin of a decedent who was accidentally shot and who died eleven days thereafter. Appellee is the physician to whom the wounded person was immediately brought. The wound extended from the wrist to a point near the elbow, and it then appeared to the physician to be a mere surface wound without penetration, and was treated as such. The physician visited the patient daily, and four days after the wound the physician came to the conclusion that some trouble existed not theretofore discovered by him, and the patient was taken to a hospital. There an operation was performed, and it was found that gun wadding and some of the shot had been imbedded in the wound. These were removed, but the patient died seven days later. This suit was thereafter instituted against the physician who first treated the patient; the allegations of the declaration being that the physician did not devote that skill and care required by law in such cases and that this negligence was the cause or a contributing cause of the death. The court upon the trial granted a peremptory instruction for the defendant therein.

It is admitted that the patient died of pulmonary em-

bolism. Two physicians, and only two, were introduced; and, as we read their testimony, and interpreting it as best we can, an embolus in cases of wounds is, in simple terms, a product of coagulation of the blood, a blood clot, which, generally having its origin in the injury which has severed small blood vessels, finds its way into a vein and proceeding thence in the blood stream towards and into the heart, gathering particles as it moves, is propelled by the heart into an artery leading to the lungs, and becoming large enough, blocks a main pulmonary artery, thus causing death, and this is called pulmonary embolism.

Both the physicians gave it as their opinion that as a probability the embolus in such a case comes into its primal existence within a very short time after the infliction of the wound, although it might be some time later before the results of it would appear symptomatically. One of them stated that, as to this particular case, the infections or poisons that might or did become present on account of the wound or the treatment thereof would have little and nothing substantially to do either with the origin or the development or the final results of an embolus; while the other stated that infections or poisons might possibly be contributors to the mischief of the embolus, but a summary of his evidence seems to be that this was only a possibility, not a probability.

It is essential as an element of liability under our wrongful death statute (Code 1930, section 510) that the negligence complained of shall be the proximate cause, or at least a directly contributing cause, of the death which is the subject of the suit. The negligence, and not something else, must have been the cause which produced or directly contributed to the death. Hamel v. Southern Ry. Co., 113 Miss. 344, 358, 74 So. 276. And, as in other cases, this essential element must be proved as a reasonable probability. To prove no more than

that it was a possibility is not a sufficient foundation for the support of a verdict or judgment.

The evidence therefore is not sufficient to authorize a judgment under our statute which gives an action "whenever the death of any person shall be caused by any real wrongful or negligent act or omission;" for the reason, as stated, that the proof fails to show that the death here was proximately caused by the asserted negligence. Kirkpatrick v. Ferguson-Palmer Co., 116 Miss. 874, 77 So. 803. And as to any pain and suffering of the deceased endured by him between the injury and death and which may be shown was probably caused by the asserted negligence, that is an item which must be recovered, if at all, under section 1712, Code 1930, at a suit by the personal representative, not by the next of kin or heirs at law. And finally as to any recovery for loss of services for the eleven days between the injury and death and for which recovery could be had at common law without the aid of statute (Natchez, etc., R. Co. v. Cook, 63 Miss. 38), that loss is to be referred to the original gunshot wound, to which appellee was not a party, for under all the evidence the decedent would not so far have recovered within that short time as to have rendered any services, although the treatment of his wound had been beyond the possibility of criticism.

Affirmed.