**THAMES v. STATE OF MISSISSIPPI for Use and Benefit of SHOEMAKER.**

**UNITED STATES FIDELITY & GUAR-ANTY CO. v. SAME.**

No. 9632.

Circuit Court of Appeals, Fifth Circuit.

Feb. 27, 1941.

HOLMES, Circuit Judge, dissenting.

———◆———

Wm. H. Watkins and C. B. Snow, both of Jackson, Miss., for appellants.

R. W. Thompson, Jr., of Gulfport, Miss., and Frank F. Mize, of Forest, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The judgments from which appeal is taken are one for $20,000 in favor of "the State of Mississippi for the use and benefit of J. E. Shoemaker, Admr. of the estate of Ray Grant" against "J. L. Thames, Superintendent of the Mississippi State Penitentiary and United States Fidelity & Guaranty Company," and one refusing to set aside this judgment for want of jurisdiction because there was no diversity of citizenship. The question of jurisdiction we have found controlling and will state the case with special reference to it.

The suit was filed in the district court in the name of the State of Mississippi for the use and benefit of J. E. Shoemaker, administrator of the estate of Ray Grant, upon the official bond of Thames as Superintendent of the State Penitentiary, he and his surety being defendants. The bond is payable to the State of Mississippi and conditioned that Thames "shall well and faithfully perform all the duties of his said office." The breach alleged is that Thames as Superintendent wrongfully and illegally allowed a convict to go at large as a "trusty", and the convict had murdered Ray Grant, who left no wife or children, but his parents and brother were entitled to recover for his wrongful death under the laws of Mississippi. The federal jurisdiction relied on was that Shoemaker, the administrator of Grant, is a citizen of Louisiana, and Thames a citizen of Mississippi and his surety a corporation of Maryland. Among other things, the answer set up that while Shoemaker was a citizen of Louisiana Grant's father and mother and brother, naming them, were all citizens of Mississippi, and were the real parties, Shoemaker being but a nominal party, so that there was no diversity of citizenship. The truth about the several citizenships is not in dispute. On the motion to set aside the judgment it was further shown that the application to the Mississippi probate court which appointed Shoemaker as Grant's administrator was made by the father, mother and brother, and stated there was no estate except a claim against the bond of Thames for Grant's death, and the administrator was appointed solely to collect damages on this claim.

In upholding the jurisdiction of his court the district judge rendered a very clear and cogent opinion, the substance of which is that the matter is controlled by the case of Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904, in which an administrator suing for a death under the statute of Oklahoma was held to be a trustee suing in his own right, whose citizenship gave federal jurisdiction; rather than by Mississippi Power Co. v. Archibald, Miss., 196 So. 760, in which an administrator suing under the Mississippi statute was held to be a nominal party without title or interest, whose citizenship is to be disregarded.

The present case differs from both those cited in that it is not a suit in tort but one to enforce a contract. Section 2889 of the Code of Mississippi of 1930 provides: "The bonds of all public officers shall be made payable to the state, and shall be put in suit in the name of the state for the use and benefit of any person injured by the breach thereof." Though the State of Mississippi is the necessary plaintiff, since she has no interest at stake, she is a nominal party not to be considered on the question of diversity of citizenship. McLean v. Mississippi ex rel. Roy, 5 Cir.,

96 F.2d 741, 119 A.L.R. 670. The question is whether the person for whose "use and benefit" the State is suing is the administrator, or the mother and father and brother. It is not to be answered by the fact that the administrator is put forward as suing any more than by the fact that the State is put forward. The real use and benefit belong only to the father and mother and brother, and the administrator has no more actual interest than the State. The true usees are the mother and father and brother. Mississippi Power Co. v. Archibald, Miss., 196 So. 760.

If this suit be considered the exact equivalent of one in tort brought by an administrator under Section 510 of the Code of Mississippi the same conclusion must be reached. Section 510 gives a right of action for a death in case the party injured could have sued. It does not cause to survive or to be revived the deceased's right of action, but enables designated members of his family to recover damages, which are not subject to payment of the deceased's debts, and are to be "such * * * as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." There can be but one suit. It matters not which of the family beneficiaries sues, the proceeds belong to those entitled as if they all had been named as plaintiffs. Kelly, Sheriff, v. Howard, 98 Miss. 543, 54 So. 10, Ann.Cas.1913B, 229. The statute specifies how the damages are to be distributed to the family beneficiaries. But "if the deceased have neither husband, or wife, or children, or father, or mother, or sister, or brother, then the damages shall go to the legal representative, subject to debts and general distribution. * * * The action for such damages may be brought in the name of the personal representative of the deceased person, for the benefit of all persons entitled under the law to recover or by widow * * * or by the parent for the death of a child," etc. In the present case there are a father, a mother, and a brother, who are the beneficiaries and could have sued in their own names; and the general estate of Grant has no interest at all in the recovery. The father and mother and brother did not sue, but chose to sue by an administrator selected by them having a different citizenship. Is he invested with a right of action as a trustee, or is he only a figurehead, virtually a next friend, a nominal party whose citizenship does not matter? We think his connection with and interest in the right of action created by the statute depend on the construction of the statute, and involve therefore a question of State law on which the Supreme Court of Mississippi speaks with final authority. That court has spoken very recently and positively on the exact question presented here in Mississippi Power Co. v. Archibald, supra, holding that the administrator is not a necessary party, has no interest either personally or as administrator, and is not even entitled to fees for paying over the money he recovers. The court said [196 So. 762]: "No title to damages recoverable for the wrongful death of a person ever vests in an administrator under said section 510, supra, by virtue of his appointment, where the deceased leaves surviving him those entitled under the law to recover the damages sustained. * * * In the case at bar he is purely a formal party, with no more interest in the litigation, so far as the estate is concerned, than a next friend would have. * * * Unless asked to lend his name as nominal plaintiff, the suit is of no concern to him." These expressions state that he is no trustee of a right of action, but a mere agent or next friend who is permitted to sue as such. As the statute itself puts it, the action "may be brought in [his] name * * *. for the benefit of" the real beneficiaries. As usees, the suit is theirs, not his. We might have, in view of other Mississippi decisions, some difficulty in reaching this interpretation of the Mississippi statute, but are bound by this latest decision on the very point.

Whether the citizenship of such a plaintiff should be regarded in testing federal jurisdiction is a federal question on which we are not bound by the decision of the Mississippi court, but by the federal decisions. The case of Mecom v. Fitzsimmons Co., 284 U.S. 183, 52 S.Ct. 84, 86, 76 L.Ed. 233, 77 A.L.R. 904, is pointed to as controlling. It is there recognized that a nominal party having no interest in the result and not in control of the litigation, or a next friend who has no right of action in himself though in control of the litigation, is not to be considered. It holds that "where an administrator is required to bring the suit under a statute giving a right to recover for

death by wrongful act, and is, as here, charged with the responsibility for the conduct or settlement of such suit and the distribution of its proceeds to the persons entitled under the statute, and is liable upon his official bond for failure to act with diligence and fidelity, he is the real party in interest, and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction." The court adds: "The applicable statutes make the administrator the trustee of an express trust and require the suit to be brought and controlled by him"; and the Oklahoma statutes and decisions cited show the truth of that statement. As has been seen, the Mississippi statute is otherwise. The right to sue is not necessarily or primarily in the administrator. When there survive members of the deceased's family they or any of them can sue. The estate has no interest at all in the death and the administrator has no duty. He acts only when and because the beneficiaries ask him to, and as their representative before the court; and we judge, from this latest exposition of his status by the Mississippi court, the adult beneficiaries and not the administrator are in control of and responsible for the suit. When the administrator's relation to the suit is such, we agree with the conclusion of the Mississippi court that he is not the substantial party to the controversy and his citizenship will not determine federal jurisdiction over it.

There not being diversity of citizenship between the substantial parties to the controversy, the district court has no jurisdiction. The judgment is reversed and the cause remanded with direction to vacate the verdict and dismiss the petition for want of jurisdiction.

HOLMES, Circuit Judge (dissenting).

Did the United States District Court have jurisdiction of this controversy on the ground of diversity of citizenship, the only ground alleged? This is a federal question, in the determination of which we are controlled by federal statutes and decisions; but the claim or cause of action here asserted, the title of the administrator thereto, his statutory right of action without title, and his capacity to sue herein in his own name were created and conferred (if at all) by state statutes, in the construction of which we are controlled by state decisions.

The real question presented is whether, to determine jurisdiction in this action for wrongful death brought by the administrator, the federal court looks to the citizenship of the administrator or to the citizenship of the father, mother, and brother of the deceased, his only surviving relatives, who are not parties of record. J. E. Shoemaker is a citizen of Louisiana, but he was legally appointed administrator of the estate of Ray Grant by a chancery court in Mississippi exercising probate jurisdiction. The father, mother, and brother of the deceased are citizens of Mississippi. There is no diversity of citizenship between the surviving relatives and one of the appellants, but such diversity exists between the administrator and both of the appellants.

The rule is well settled that federal jurisdiction depends, not on the diversity of citizenship of the parties concerned in interest, but on the relative situation of the parties named in the record. Much depends upon how the action is brought and upon the legal right of the administrator to sue in his own name. Sometimes the plaintiffs have an option as to who may be made parties to an action, which may enable them to select the forum as they see fit. If a guardian sues in the name of a lunatic by himself as next friend, the citizenship of the lunatic controls.[1] If he sues in his own name as guardian, and is legally authorized to do so, his citizenship controls.[2] The same rule applies to an executor or administrator, and this is true even where the statute provides that the amount recovered shall be for the benefit of certain relatives and shall not be general assets of the estate.[3] Regardless of the motive which actuates the exercise of a right to procure the lawful appointment of an administrator so that the suit may be brought in one forum rather than another, the federal court will not look beyond the record to ascertain the real parties in interest, provided the plaintiff is legally authorized to sue in his own name.[4]

---

[1] In Gillespie v. Hauenstein, 72 Miss. 838, 843, 17 So. 602, the court held that the action was that of the lunatic.

[2] Mexican Central R. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245.

[3] Mecom, Administrator, v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904.

[4] Mecom, Administrator, v. Fitzsimmons Drilling Co., supra.

The statutes to be construed and applied are sections 510, 1628, and 1712 of the Mississippi Code of 1930. The reports are replete with decisions recognizing the legal right of the personal representative to sue in his own name.[5] In Newman Lumber Co. v. Scipp, supra, the court held that, the administrator having first filed the suit, the widow was precluded from filing a subsequent suit while the first one was pending, even though the widow was the sole beneficiary. In Rowe v. Fair, supra, it held that the administrator could compromise a claim for death when authorized so to do by the chancery court. In Yazoo & M. V. R. Co. v. Jeffries, supra, it held that the railroad, defendant in a pending suit for personal injuries, had no such interest as to entitle it to move for revocation of letters of administration.

The suit may be brought in the name of the administrator and the statutory beneficiaries.[6] Those entitled to bring the suit are regarded by the state court as co-plaintiffs with those who actually bring the suit, even though they are not co-plaintiffs of record.[7] The state court thus looks beyond the record to ascertain the real parties in interest; but see note 23, post.

In Mississippi Power & Light · Co. v. Smith,[8] the court said that the administratrix was authorized to bring the suit, but that it was equally clear that the widow and children were also authorized to sue. Stating positively that the statute gave no preference as between the administratrix on the one hand and the widow and children on the other, it added, with a degree of finality: "We have definitely settled that the one who first brings the suit has the right to prosecute and maintain it to a conclusion."

Our problem arises from the recent case of Mississippi Power Company v. Archibald, Miss., 196 So. 760, wherein the action was brought in the name of the administrator for the use and benefit of designated beneficiaries. There was a very narrow issue presented; it involved the removal jurisdiction of the United States District Court. This was the only issue decided; the court held that the administrator was only a nominal party, whose citizenship was not material in determining federal jurisdiction. I think this decision is in conflict with the federal authorities on the subject.[9] The opinion contains no reference to rule 17 (a, b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that an administrator or other party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought.

The statute which now appears as section 510 of the Mississippi Code of 1930 is a revision of Lord Campbell's act. The original in Mississippi was contained in the Revised Code of 1857,[10] under which the action did not survive unless the decedent left surviving relatives.[11] The act was brought forward in the various codes [12] without changes material here until Chapter 214 of the Laws of 1914 for the first time gave the personal representative of

---

[5] Vicksburg & M. R. Co. v. Phillips, 64 Miss. 693, 2 So. 537; McVey v. Illinois Cent. Railroad Co., 73 Miss. 487, 19 So. 209; Wagner v. Gibbs, 80 Miss. 53, 31 So. 434, 92 Am.St.Rep. 598; Conklin v. Alabama & V. Railroad Co., 81 Miss. 152, 32 So. 920; Mobile, J. & K. C. R. Co. v. Hicks, 91 Miss. 273, 46 So. 360, 124 Am.St.Rep. 679; Yazoo & M. V. R. Co. v. Jeffries, Administratrix, 99 Miss. 534, 55 So. 354; Hamel v. Southern R. Co., 108 Miss. 172, 66 So. 426, 809; Newman Lumber Co. v. Scipp, 128 Miss. 322, 91 So. 11; Edward Hines Yellow Pine Trustees v. Stewart, 135 Miss. 331, 100 So. 12; McNeely v. Natchez, 148 Miss. 268, 114 So. 484; Rowe v. Fair, 157 Miss. 326, 128 So. 87; Mississippi Power & Light Co. v. Smith, 169 Miss. 447, 153 So. 376.

[6] Yazoo & M. V. Railroad Co. v. Washington, 92 Miss. 129, 45 So. 614; Mobile & J. C. K. Railroad Co. v. Hicks, 91 Miss. 273, 46 So. 360, 124 Am.St.Rep. 679.

[7] Kelly v. Howard, 98 Miss. 543, 54 So. 10, Ann.Cas.1913B, 229; Howard v. Kelly, 111 Miss. 285, 71 So. 391, Ann.Cas. 1918E, 1230.

[8] 169 Miss. 447, 153 So. 376, 380.

[9] Mexican Central R. Co. v. Eckman, supra; Mecom v. Fitzsimmons Drilling Co., Inc., supra. Cf. Bonnafee v. Williams, 3 How. 574, 11 L.Ed. 732; Bullard v. Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141.

[10] Ch. 61, art. 48, p. 486.

[11] Amos v. Mobile & O. Railroad Co., 63 Miss. 509.

[12] Section 676 of the Rev.Code of 1871, section 15 of the Revised Code of 1880, section 663 of the Annotated Code of 1892, and 721 of the Code of 1906.

the deceased the right to sue for the wrongful death of his intestate.

The language of the statute is substantially that used in the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., under which the personal representative is the only person entitled to sue. It was pointed out in Edward Hines Yellow Pine Trustees v. Stewart [13] that the purpose of the amendment was to conform the Mississippi statute to the federal act, since the latter gave state and federal courts concurrent jurisdiction of cases arising under it. The court sought in that case to avoid confusion by construing the provision in harmony with the federal decisions.

Where the administrator is first to file suit, the legal title to the cause of action, under section 510, vests in him for the purpose of collecting and distributing the proceeds, even though the deceased left surviving him those entitled to recover under the statute. Whether or not the recoverable damages are subject to debts, costs, and expenses does not affect the qualified title of the administrator for the special purpose of collecting and distributing the proceeds to the surviving relatives entitled to recover under the statute.[14] Whatever amount the administrator may recover or receive in settlement will be held by him in trust, and he will be liable upon his official bond for failure to act with diligence and fidelity, regardless of whether or not there are surviving relatives.

The duty to follow state laws, where it is owed, is so great that even dictum may tip the scales in a doubtful case,[15] but a single utterance in the reasoning of an opinion cannot uproot principles which have been imbedded in the jurisprudence of a state by repeated uniform decisions over a long period of years. The statement in the Archibald opinion that the administrator acquired no title to the cause of action by reason of his appointment means either that he acquired no beneficial title or that the title became vested in him when he filed suit, not upon his appointment. The term cause of action may mean one thing for one purpose and something different for another. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 68, 53 S.Ct. 278, 77 L.Ed. 619. The term may refer to the facts giving rise to the action or to the right to institute and carry on the action. Grenada Bank v. Petty, 174 Miss. 415, 164 So. 316. The former is substantive, the latter is remedial. Douglas v. Daniels Bros. Coal Co., 135 Ohio St. 641, 22 N.E.2d 195, 125 A.L.R. 761, 766. In the Archibald opinion, I think the court used the term in its substantive sense. It did not mean that the administrator had no remedial right of action.

The next of kin have not asked to be made parties to this action, either as usees or in any other capacity. It may be that, upon their application, they would be entitled to be joined as plaintiffs. If they were admitted as parties plaintiffs, they would become jointly responsible for the costs, attorney's fees, and other expenses. Possibly their presence would defeat the jurisdiction of the court, but that question is not before us. The next of kin have neither filed this suit in the name of the administrator nor in their own names. They cannot be put forward as unwilling actors in litigation which may bring them only trouble and expense. The administrator has filed it in his representative capacity.[16] He is the duly and legally appointed administrator of the estate of the decedent, and claims title to a cause of action arising from the death of his intestate. If he has no title and no statutory right of action without title, and this clearly appears as a matter of law, his case may be dismissed on the merits by summary judgment, but not for want of jurisdiction over the parties or the subject matter. He has the legal capacity to sue under the laws of the state;[17] presumably his claim is made in good faith; and it is evidently more than a colorable one.

It is immaterial whether this is an action in tort or upon a contract; the jurisdictional question is one of parties, not of subject matter. The answer to it involves the distinction between real and nominal parties. Is this administrator a real or a nominal party? Is there something peculiar in the Mississippi law which calls him

---

[13] 135 Miss. 331, 100 So. 12.

[14] Cf. Andrews v. Brumfield, 32 Miss. 107.

[15] Hawks v. Hamill, 288 U.S. 52, 58, 59, 53 S.Ct. 240, 77 L.Ed. 610.

[16] No. 17(a) of the Federal Rules of Civil Procedure.

[17] Sections 1628 and 1712 of the Mississippi Code of 1930; Vicksburg & M. R. Co. v. Phillips, 64 Miss. 693, 2 So. 537; Hamel v. Southern R. Co., 108 Miss. 172, 66 So. 426, 809; Berryhill v. Nichols, 171 Miss. 769, 158 So. 470.

an administrator when he is merely a next friend?

Words should be given their usual and ordinary meanings unless the contrary clearly appears from the context. When the statute provides that a suit may be brought in the name of the personal representative, it does not mean that an adult of sound mind may sue by a next friend. There are reasons why the right to sue under section 510 is several. An action may be brought in the name of the personal representative either when the injury resulted in death or when the deceased died from some cause other than the injury which gave rise to the action.[18] He has the right to sue where the deceased was engaged in either interstate or intrastate commerce at the time of the injury which caused his death. Often it remains doubtful, until a trial on the merits, whether a deceased employee was engaged in intrastate or interstate commerce.

Shall the status of the personal representative as a real or nominal plaintiff, and the jurisdiction of the court, remain in abeyance until a trial on the merits? If there are debts and no kindred, are the creditors of the deceased the real parties in interest? Shall the jurisdiction of the court be undetermined until the citizenship of the real beneficiaries under the statute is made known? Is the administrator a real party in actions for injuries to his intestate not resulting in death,[19] and only a nominal plaintiff where the injury caused the death of the decedent? Is he a real party where the decedent was engaged in interstate commerce when he received the fatal injury, and only a nominal party where he was employed in intrastate commerce?

Did the amendment of 1914,[20] when kindred of a designated class survived, merely enable adults to sue by a next friend, a remedy which minors and lunatics already had and which adults of sound mind did not need? If the surviving widow sues alone, without joining adult children whose citizenship is different from hers, will the federal court, upon a jurisdictional issue, look beyond the record to ascertain the real parties in interest? What about corporations? May a state, as to those char-tered by it, abolish the federal fiction of corporate citizenship? May it limit their capacity to sue to that of a purely formal party, or of a next friend for the stockholders? May a state court pierce the corporate veil to ascertain the real parties in interest, and thereby bind the federal court in determining federal jurisdiction? What a tangled web will be woven if, in special cases, we depart from the general principles of federal jurisdiction.

Under rule 17, supra, every action must be prosecuted in the name of the real party in interest, but an administrator "may sue in his own name without joining with him the party for whose benefit the action is brought." Thus, in the case of administrators and other designated parties acting in a representative capacity, we have a specific provision authorizing them to sue in their own names, which, as to the parties named, solves the difficulties of determining the proper party plaintiff when the legal title has been separated from the equitable title or beneficial ownership. The phrase real party in interest belonged to the terminology of both code and equity pleading. Before the enactment of the codes, it was current in the equity reports to describe the proper party plaintiff in equity.[21] Rule 17 does not affect federal jurisdiction, but it governs the procedural rights in the federal district courts of administrators who have the capacity to sue under state laws. Such administrators are given the remedial rights of a real party in interest.

There is no conflict between the state and federal decisions as to the capacity of this usee-appellee to sue in his own name without joining with him the parties for whose benefit the action is brought. This is permissible in Mississippi in all courts, state and federal. Even in the Archibald case, the administrator did not join with him the parties for whose benefit the action was brought. In the instant case, neither the father, mother, nor brother of the deceased is joined as a party or mentioned in the complaint. There is no objection of non-joinder of persons who ought to be made parties.[22] The sole objection is jurisdictional: It is that all persons who are beneficially interested in the

---

[18] Berryhill v. Nichols, 171 Miss. 769, 158 So. 470.

[19] Berryhill v. Nichols, 171 Miss. 769, 158 So. 470.

[20] Chapter 214 of the Mississippi Laws of 1914.

[21] 2 Moore's Federal Practice 2005.

[22] See No. 19 of the Federal Rules of Civil Procedure.

result of the litigation are deemed parties of record under the state practice, even if they are not such in fact;[23] and that, when the administrator sues in a representative capacity, he is only a nominal party whose citizenship should be disregarded in determining federal jurisdiction.[24]

Whether or not this usee-appellee (authorized to sue in his own name, to collect and distribute the proceeds, and liable on his official bond for failure to act with diligence and fidelity) is a real or nominal party is a jurisdictional question which depends upon his classification as a party in the federal court. His capacity to sue is distinct from his classification as a party. A next friend is a nominal party;[25] but the court in the Archibald case did not say the administrator was a next friend. It said he was a purely formal party with no more beneficial interest in the litigation, so far as the estate was concerned, than a next friend would have. This implied that he was not a next friend.

In determining its own jurisdiction, the federal court will classify parties for itself. It will not be confused by the names or alignment given them in the state court. Where jurisdiction depends on diversity of citizenship, parties are broadly classed as either real or nominal. These two classes may include persons who fall into other classifications which have in view the relief to be accorded. In an action such as this, the obligee is only a nominal party for jurisdictional purposes,[26] but it must be a party if relief is to be granted against the surety on the bond.[27] Neither the presence of the obligee nor the presence of the surety defeats federal jurisdiction; that is accomplished, it is said, by the citizenship of parties, not named in the record, who are called usees. This view overlooks the fact that, in an action for tort in Mississippi, there cannot be a usee. Proof of right in a nominal plaintiff who has capacity to sue entitles him to recover.[28]

Though questions of terminology complicate our problem, we should not be misled because the state and federal courts use the same words to express different ideas. In Mississippi, as appears in note 28, ante, the word nominal is sometimes used to mean a plaintiff named in the record who has no beneficial interest in an action for tort, but who may maintain the suit without joining the usee; in fact, who is not permitted to join the usee. When the court in the Archibald case undertook to classify the administrator as a purely formal or nominal party, it was making a classification for federal jurisdictional purposes with respect to his interest in the suit, and not with a view to the relief to be granted. If Archibald was not the real party plaintiff, there was none in that case, because he was the only plain-

[23] Kelly v. Howard, 98 Miss. 543, 54 So. 10, Ann.Cas.1913B, 229; Howard v. Kelly, 111 Miss. 285, 71 So. 391, Ann. Cas.1918E, 1230; but compare Canton v. Ross, 157 Miss. 788, 795, 128 So. 560, 562, wherein the court said: "One who is not a party on the record is not a party to the cause, although he may be interested. And, in deciding who are parties on the record, the court will not look beyond the record. Lipscomb v. Postell, 38 Miss. 476, 77 Am.Dec. 651; McPike v. Wells, 54 Miss. 136; 47 C.J. § 1, p. 14; 20 R. C.L. § 2, p. 662; and 6 Words and Phrases, First Series p. 5202. The record is controlling as to who the parties to a cause are. The question cannot rest in parol. To permit it to do so would open the flood gates of fraud and injustice."

[24] Mississippi Power Company v. Archibald, Miss., 196 So. 760.

[25] Morgan v. Potter, 157 U.S. 195, 15 S.Ct. 590, 39 L.Ed. 670.

[26] It is a nominal party because the action was brought in the name of the State of Mississippi on the relation of the administrator. If the suit had been brought by the state itself, suing for the benefit of some one else, or if it had been brought

in the name of the state on the relation of the father, mother, and brother, we would have a different question before us. See United States Fidelity & Guaranty Co. v. United States for Use of Kenyon, 204 U.S. 349, 27 S.Ct. 381, 383, 51 L.Ed. 516, wherein the United States was held to be a real litigant. The opinion draws an excellent distinction between real and nominal parties in suits on bonds. It says: "The government is a real party here because the declaration opens, 'The United States, suing herein for the benefit of and on behalf of James Kenyon * * * complains', * * * * "

[27] Howard v. United States, 184 U.S. 676, 693, 22 S.Ct. 543, 46 L.Ed. 754.

[28] Jones v. Kansas City, M. & B. Railroad Co., 75 Miss. 913, 23 So. 547. See, also, Kansas City, M. & B. Railroad Co. v. Cantrell, 70 Miss. 329, 332, 12 So. 344, which held that "in actions of tort there cannot be a usee, and, if one is named, his rights must be disregarded, and the plaintiff will fail of recovery unless the right of the nominal plaintiff be proved." Note the use by the state court of the words *nominal plaintiff*. See, also, 47 Corpus Juris 27, 28.

tiff. Shoemaker is the real plaintiff here, or we have two nominal plaintiffs and no real plaintiff.

The administrator in this case is the party named in the record upon whose citizenship federal jurisdiction depends.[29] He need not have a financial interest at stake in order to be a real litigant.[30] It is sufficient if he is legally authorized to sue in his own name. He is so authorized by rule 17 and by the state statutes above cited. By said rule, he is classed with the trustees of an express trust as a permissive or representative plaintiff. A test sometimes used to determine the real party in interest is: Will a recovery by him prevent another action upon the same cause?[31] This question is answered affirmatively in the Mississippi decisions cited in note 5, ante.

There is no necessity of one who may sue in his own name being permitted to sue in the name of another; but that question aside, this suit was not brought by the administrator on the relation of any one.[32] It was brought by him in his own name.[33] As long as the surviving relatives hold aloof from this record, both as co-plaintiffs and as use-plaintiffs, and permit the suit to be prosecuted by and in the name of the administrator, their citizenship is not material. He is dominus litis; he alone is in control of the litigation; he alone is responsible for costs and other expenses; he alone is liable for lack of diligence and fidelity. He is subject to the lawful orders of the court which appointed him, but not to the dictates of any one else.

If the administrator in this case has no title under the substantive law to the cause of action which is set out in the complaint—if the effect of the Archibald decision was (though I do not think the court so intended) to strip executors and administrators of every vestige of qualified title which previously it was thought they possessed[34]—nevertheless, I think the administrator needs no title to sue in his representative capacity, because his right of action arises directly out of a remedial state statute, and exists by virtue of it.[35]

The state practice permits the suit to be brought in the name of the administrator for the benefit of those entitled to recover without joining them as usees, in fact, without permitting the usees to be joined, although it permits (but does not require) them to be joined as co-plaintiffs. The state court regards all beneficiaries as co-plaintiffs, whether or not they are joined as plaintiffs; and in the Archibald case the court extended this principle to an issue involving the jurisdiction of the United States District Court. In this respect, I think, it went too far. It was dealing with the subjects of federal jurisdiction and federal civil procedure, and was bound by federal law and federal procedure, including rule 17, supra, which permits an administrator to sue in his representative capacity without joining the beneficiaries and without regarding them as co-plaintiffs or parties of record of any kind.

The administrator's capacity to sue, his title to the claim, and his right of action without title are derived from the law of the state; his right to sue in his representative capacity, under rule 17, without joining those for whom the action is brought, and his status as a real or nominal party for jurisdictional purposes, are derived from federal law and procedure. At least there are controversies in this case as to the administrator's legal capacity to sue in his own name, as to his legal title to the claim as-

[29] Chappedelaine v. Dechenaux, 4 Cranch 306, 308, 2 L.Ed. 629; Childress v. Emory, 8 Wheat. 642, 668, 5 L. Ed. 705; Osborn v. Bank of United States, 9 Wheat. 738, 6 L.Ed. 204; Bonnafee v. Williams, 3 How. 574, 11 L.Ed. 732; Susquehanna & W. V. R. & Coal Co. v. Blatchford, 11 Wall. 172, 174, 20 L.Ed. 179; Mexican Central R. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245; Mecom v. Fitzsimmons Drilling Co., Inc., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904; Bullard v. Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L. Ed. 254, 93 A.L.R. 141.

[30] United States Fidelity & Guaranty Co. v. United States for Use of Kenyon, 204 U.S. 349, 27 S.Ct. 381, 51 L.Ed. 516.

The converse is true; nominal parties may receive compensation for their services. Franz v. Buder, 8 Cir., 38 F.2d 605, 606.

[31] 30 Cyc. 83.

[32] The nominal plaintiff can require indemnity against costs. Anderson v. Miller, 7 Smedes & M. 586, 590.

[33] Cf. United States Fidelity & Guaranty Co. v. United States for Use of Kenyon, 204 U.S. 349, 27 S.Ct. 381, 51 L.Ed. 516.

[34] See authorities cited in notes 5 and 14, ante.

[35] § 510 of the Mississippi Code of 1930; 47 Corpus Juris, p. 24, § 44, p. 25, § 47, p. 40, §§ 76, 77, 78.

serted, as to his legal right to sue without title, and as to the effect of a recovery by him. The fact stands out that this administrator is here demanding in his own name the presence of the defendants. Diversity exists between him and both of the appellees. There is an actual controversy, either in tort or upon a contract or both, and the elements requisite to sustain federal jurisdiction are present.

With deference, I dissent from the judgment of dismissal for want of jurisdiction.